THE WICHITA NATIONAL BANK v. GEO. H. MALTBY, *as Administrator of the estate of Charles Warren, deceased.*

1. BANK DEPOSIT, *Action to Recover — Defense — Payment to Owner.* In a controversy over the right to a bank deposit, where it is denied that the depositor was the owner of the fund and entitled to draw the same from the bank, it may be shown that the ownership of the deposit is in another, and that a payment to him releases the bank from liability.

2. CERTIFICATE OF DEPOSIT — *Unverified Answer — Pleadings.* In an action upon a certificate of deposit, which is in form a negotiable instrument and is not in the possession of the plaintiff, and where ownership is alleged by the plaintiff, an unverified answer, denying that plaintiff is the owner and holder of the certificate and alleging that another was the owner and had drawn the same from the bank with authority, presents an issue for trial which precludes the sustaining of a motion for judgment upon the pleadings without proof.

*Error from Sedgwick District Court.*

ACTION to recover bank deposit. In his petition, *George H. Maltby,* as administrator of the estate of Charles Warren, deceased, alleged:

"That he has been duly appointed administrator on the 19th day of August, 1889, by the probate court of Sedgwick county, Kansas, of the estate of Charles Warren, deceased, late of Sedgwick county, Kansas, who died August 26, 1888; that the defendant is a corporation under the laws of the United States carrying on in the city of Wichita a general banking business; that the deceased, Charles Warren, aforesaid, at the time of his death, had on deposit in said defendant's bank, belonging to him and for which he held a certificate of deposit, executed and delivered to him by said bank, the sum of $500, of which he was the owner and holder at the time of his death; that said certificate of deposit was left for safe-keeping with the proprietor of the Union hotel, at McPherson, Kas., and was by him turned over to the widow of said deceased, and was without indorsement of the deceased, in whose favor it was drawn; that the widow presented the same for payment at the defendant's bank, and the same was refused until said widow executed to said bank a good and sufficient indemnifying bond; that the money was then drawn

by an agent of said widow, and the defendant bank came into the possession of said certificate of deposit, and defendant has now possession of said certificate, and plaintiff is therefore unable to set out a copy thereof.

"Plaintiff alleges that, by reason of his appointment as administrator of the estate of Charles Warren, to which said money evidenced by said certificate belonged, he is entitled to the possession of said $500; that defendant unlawfully and wrongfully came into possession of said certificate of deposit, and that defendant is justly indebted to this plaintiff as administrator of said estate in the sum of $500; that plaintiff as such administrator made demand upon the defendant bank for said money and payment was refused; that said demand was made on the president of said defendant bank by plaintiff's attorney, and afterward by a draft by plaintiff for $500, which was duly presented for payment and protested for nonpayment by Free E. Waller, notary public, on the 26th day of September, 1889, and the same remains unpaid, in whole or in part, though the same is long past due.

"Wherefore, plaintiff demands judgment against said defendant for $500, and interest on the same from August 26, 1888, and the costs of this suit, and such other and further relief as he may be entitled to."

The Wichita National Bank filed a demurrer to the petition of the plaintiff, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, after which the bank filed an answer, alleging:

"1. That it denies each and every allegation in said petition contained, except such as are hereinafter admitted.

"2. Further answering, said defendant says that it admits it is a corporation, and admits the decease of Charles Warren aforesaid, and admits there was money deposited in said bank, but which did not belong to the deceased, and that said widow and children drew the money out of the bank, upon the execution of a requisite bond by them therefor.

"3. Defendant further alleges, that the widow and children of the said deceased, to wit, Mrs. —— Warren, widow, H. R. Warren, Helen Warren, and Charles Warren, were the sole and only persons who owned the money, and who had the right to draw the same from said bank, and that the said agent, who it is alleged in plaintiff's petition drew said money, was duly authorized and empowered to draw such

money. At the time that they so drew the money from the bank no executor or administrator had been appointed; wherefore they had the lawful right to draw said money. Defendant further alleges, that said money was exempt from appropriation to the payment of any of the debts of the said Charles Warren, deceased."

When the case came on for trial, the plaintiff filed a motion for judgment on the pleadings, and the court, without hearing any testimony, ordered judgment upon the pleadings in favor of the plaintiff for $515. Of these rulings the bank complains.

*O'Bryan & Gordon,* and *J. H. Richards,* for plaintiff in error.

*H. A. Kerr,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The manifest purpose of this action was to recover money which had been deposited in the bank by Charles Warren in his lifetime, which Maltby alleged belonged to the estate, and to the possession of which he was entitled by virtue of his appointment as administrator. A certificate had been issued when the money was deposited, which had been taken up by the bank when it was paid to the widow and children of the deceased; but evidently the pleader did not base his action on that instrument, as no description of the certificate was pleaded. It was not averred whether the certificate was payable to order or to bearer; whether it was to be paid at a time certain, or upon demand and return of the certificate; nor was it alleged whether it was due and demandable at the time the action was brought. In some cases certificates are so drawn as to constitute nothing more than an acknowledgment of the receipt of the money, while in others the terms are such as to make it the equivalent of a promissory note. It is impossible to determine from the petition what its form and characteristics were, or whether it is entitled to be regarded as a negotiable instrument. It is alleged and admitted that a deposit was made,

and the petition avers that the money deposited belonged to Charles Warren, and that he was the owner and holder of the certificate of deposit at the time of his death. It is alleged that the certificate was left for safe-keeping with the. proprietor of a hotel, and by him turned over to the widow and children of the deceased, without indorsement, upon which the money was drawn without right.

The general denial in the answer raises an issue, at least upon the ownership of the deposit and of the certificate. It denies that Warren was the owner and holder at the time of his death; that the certificate was left for safe-keeping with the hotel proprietor, and was wrongfully turned over to the widow of the deceased. It alleges that the money did not belong to the deceased, and further, that the widow and children were the sole and only persons who owned the money and had the right to draw the same from the bank. There is a further allegation, that the money was drawn by their agent, who was duly authorized and empowered to draw such money. Leaving out of sight the defects of the petition, it is clear that the answer stated a defense which precluded the entry of judgment upon the pleadings. If the certificate is to treated as a mere receipt for money, and the action brought to recover the deposit, there can be no doubt that, to say nothing of the denial of demand, an issue was presented as to the ownership of the money and the right of the widow and children to draw the same. Assuming, however, that the action was upon the certificate, we still think an issue was tendered by the answer upon which the defendant was entitled to a trial. If the certificate was in the ordinary form and possessed the characteristics of a negotiable instrument, it may have been transferred by Warren by delivery or indorsement. It was not in the possession of the administrator, and the answer in effect denied that it unlawfully and wrongfully came into the possession of the defendant, or that it was turned over to the widow of the deceased without indorsement. It denied that Warren was the. owner of the deposit at the time of his death, and also that he owned or held the certificate of

deposit.   Presumably, a party who makes a deposit is the owner of the same, but this presumption may be overcome by proof, and if Warren was the owner, and the certificate issued to him a negotiable instrument, it was still subject to be transferred, and a good title passed by delivery without indorsement. (*Williams v. Norton*, 3 Kas. 295; *McCrum v. Corby*, 11 id. 464; *Washington v. Hobart*, 17 id. 275; *Weeks v. Medler*, 20 id. 57.)

In *Hutchison v. Myers*, 52 Kas. 290, it was held that an unverified general denial to a petition upon a promissory note put in issue the averments that the plaintiff was the owner and holder of the note, which prevented a judgment upon the pleadings without testimony.   This denial of itself was sufficient to require proof; but, in addition, the answer contained specific averments of the ownership and authority of those who drew the money, and further, that the money itself was exempt from appropriation to the payment of any of the debts of the deceased.

The defendant was entitled to a trial upon the issues presented, and the judgment must be reversed, and the cause remanded for that purpose.

All the Justices concurring.