Burke v. Wheat.

---

JAMES H. BURKE v. R. A. WHEAT, *et al.*

1. JURISDICTION; *No Error.* Where a court has jurisdiction over the subject-matter of an action, and over the persons in the case, no error in its exercise can make the judgment void.

2. ERRORS, *When Not Corrected.* Mere irregularities or errors in judicial proceedings afford no ground for an injunction to restrain the collection of a judgment; nor can such irregularities or errors be revised or corrected in such an action.

*Error from Osage District Court.*

MARCH 1, 1879, by the consideration of the judge of the fifth judicial district, *R. A. Wheat, Joseph Wheat, H. D. Shepherd, C. J. Bodine,* and *H. H. George,* a justice of the peace

of Osage county, and *J. C. Adams*, a constable of Burlingame township in said county, defendants in error, obtained an order dissolving a certain temporary order of injunction theretofore obtained in an action then pending in the district court of Osage county in said state, wherein the above-named plaintiff in error, *Burke*, was sole plaintiff, and the above-named defendants in error were sole defendants. The plaintiff avers that there is error in the said record and proceedings in this, to wit:

"That the court erred in dissolving and discharging said temporary order of injunction upon the ground that the petition in said action did not state facts sufficient to constitute a cause of action.

"That the judgment upon said motion should have been given for the said plaintiff, and against the said defendants."

Wherefore plaintiff prays judgment for a reversal of the said order so made, etc.

*Rogers & Sanford*, for plaintiff in error.

*Ellis Lewis*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are substantially as follows: On the 27th day of April, 1878, the defendants in error filed before a justice of the peace of Osage county the following bill of particulars (the exhibit A only, being omitted), to wit:

"R. A. WHEAT AND JOSEPH WHEAT v. JAMES H. BURKE. —The above-named plaintiffs complain of the said defendant, and say that on the 18th day of February, A. D. 1878, the said defendant was indebted to them in the sum of $314, upon a certain order in garnishment made on the 18th day of February, A. D. 1878, in a certain proceeding wherein R. A. Wheat and Joseph Wheat were plaintiffs, and A. J. Tanner was defendant, before H. H. George, a justice of the peace in and for Burlingame township, Osage county, Kansas. A certified copy of said proceedings is hereto attached, and marked 'Exhibit A,' and made a part of this bill of particulars. Defendant, though often requested, has not complied

with the order of the court in said proceedings, nor paid the said sum of $300, or any part thereof. Wherefore plaintiffs pray judgment against said defendant for the sum of $300, the excess over said $300 being and is hereby remitted."

James H. Burke was afterward personally served with a summons in the action, and on the return day thereof, to wit, May 1st, 1878, a trial was had (said Burke making default), which resulted in a judgment against Burke in favor of the Wheats for $300 debt, and $3.35 costs. On the 25th day of June, 1878, Joseph Wheat assigned his interest in the judgment to H. D. Shepherd and C. J. Bodine, which was spread on the docket on June 27, 1878. On the same day, an execution was issued against Burke upon the judgment. On the 23d day of August, 1878, Burke, as plaintiff, brought this action in the district court of Osage county, against R. A. Wheat and the other defendants in error, to perpetually enjoin the collection of said judgment, on the ground that the judgment was rendered without warrant of law, and was absolutely void. On August 23, 1878, the probate judge of Osage county granted a temporary injunction in favor of the plaintiff in the case. On March 1, 1879, the district judge of that county dissolved said injunction, for the reason that the petition of plaintiff did not state facts sufficient to constitute a cause of action. The plaintiff excepted to the ruling and decision of the district judge, and brings the case here for review. The petition recited all the above facts. These facts do not support the allegation in the petition, that the judgment against the plaintiff of the date of May 1, 1878, was rendered without warrant of law, and was absolutely void. It is clearly apparent the justice had jurisdiction of the subject-matter of the action, and of the persons of all the parties, and the most that can be urged is, that there was error in the exercise of such jurisdiction. This does not make a judgment void. The statute in regard to garnishment provides that if the garnishee fails to comply with the order of the justice to pay into court the money owing, the plaintiff may proceed against him in an action in his own

name, as in other cases. (Dassler's Comp. Laws 1879, p. 709, § 43.)

The bill of particulars in the justice's court was based upon this provision, and although somewhat informal, was sufficient for all purposes. Whether the judgment was obtained upon proper proof cannot be litigated here. The validity or invalidity of the proceedings in the original case of Wheat, *et al.*, v. Tanner, is also immaterial at this time. If said proceedings were void, they would have been a good defense for the plaintiff. He was in default, and made no defense. Conceding that the judgment sought to be enjoined was erroneous, it cannot be said to be void, and must be held operative until, in accordance with the ordinary rules of procedure, it is reversed by a court of error. Errors in proceedings in trials, or in the rulings of a court, cannot be revised or corrected in an action to enjoin the collection of a judgment.

The order of the district judge will be affirmed.

All the Justices concurring.