## J. G. HUTCHISON v. WILLIS G. MYERS *et al.*

1. TRUST MORTGAGE — *Beneficiary — Right to Maintain Action.* Where a mortgage made in the form of a trust deed conveys real estate to a trustee for the benefit of a third party, to secure the payment of an indebtedness to such third party, the latter may maintain an action in his own name to recover the debt and to foreclose the mortgage given to secure the same.

2. PRACTICE — *Judgment on Pleadings.* Where the answer of defendant admits the cause of action stated in plaintiff's petition, and its averments are insufficient to constitute a defense, the court may, upon motion of plaintiff, allow and enter judgment in his favor upon the pleadings.

3. ACTION ON NOTE—*Void Judgment.* Where an action is brought by the payee of a negotiable promissory note, who alleges that he is the owner and holder thereof, but who shows by his petition that it had been transferred by indorsement to another, without any allegation or indorsement showing it to have been transferred back to him, and the defendant answers by a general denial, not verified, a judgment upon the pleadings, without evidence of possession or ownership of the note, cannot be sustained.

*Error from Lyon District Court.*

ACTION on a promissory note, and to foreclose a mortgage given to secure its payment. Judgment for plaintiff, *Myers,* at the December term, 1889. *Hutchison,* one of the defendants, brings the case here. The opinion states the material facts.

*J. G. Hutchison,* plaintiff in error, for himself:

We contend that the court erred in overruling the demurrer to the petition of plaintiff as to the first ground of demurrer stated therein, that the petition shows a defect of parties plaintiff, and that Edward E. Holmes, the trustee named in the deed of trust, is the only person who could have maintained this suit as it has been brought. See *Scantlin v. Allison,* 12 Kas. 85; *Jamison v. Bancroft,* 20 id. 169; Civil Code, §§ 26, 28; Bliss, Code Pl., § 54; *Knaggs v. Mastin,* 9 Kas. 537; *Ingham v. Burnell,* 31 id. 333; *Robbins v. Duerill,* 20 Wis. 150; *Weaver v. Trustees, etc.,* 28 Ind. 112.

We complain of the sustaining of the motion of the plaintiff below and the Kansas City Investment Company for judgment on the pleadings for the foreclosure of their mortgages against J. G. Hutchison, because no such motion is known to, or provided for, or recognized by, our code of civil procedure.

Assuming that J. G. Hutchison was estopped from setting up the fact stated in his several answers, we now say that that question could only be raised by replies pleading the estoppel, and that it could not be raised by demurrer at all. See *Auld*

*v. Butcher,* 2 Kas. 159; *Greer v. Adams,* 6 id. 206; *Zane v. Zane,* 5 id. 136; 2 Pom. Eq. Jur., § 802; Bliss, Code Pl. (2d ed.), § 364.

We contend that neither G. P. Jones, nor any persons holding under him, are estopped by either the supposed mortgage set out in the petition of the plaintiff, or the mortgage set out in the answer and cross petition of the Kansas City Investment Company, from setting up this after-acquired title. This is the important question in the case, and the one we specially urge upon the attention of the court.

We contend further, that the court below should not have sustained the motion for judgment on the pleadings, because the third and fifth allegations of the petition of the plaintiff below, that he is the owner and holder of the note and deed of trust sued on, are put in issue by the general denial contained in the answer filed by J. G. Hutchison, and required evidence to sustain them. This is a material allegation in the petition. *Hume v. Watt,* 5 Kas. 40; *L. L. & G. Rld. Co. v. Leahy,* 12 id. 125; *Whittenhall v. Korber,* 12 id. 620; Swan's Pl., 156.

*Cook & Gossett,* for defendant in error:

There was no error in overruling the demurrer.

It is well settled in Kansas that a deed of trust conveying lands to a trustee, to secure a debt payable to a third party, is a mortgage for the benefit of that third party, and must be foreclosed as such. Code, § 399; Gen. Stat. of 1889, ¶ 4495; *Lenox v. Reed,* 12 Kas. 223, 227; *McDonald v. Kellogg,* 30 id. 170; *Manufacturing Co. v. Burrows,* 40 id. 361; Story, Eq. Pl., §§ 199–201.

If the answer constitutes no defense to the action, the court should disregard it and proceed to judgment. *Brenner v. Bigelow,* 8 Kas. 496–500. The answer, not being verified, admitted that Jones had made the note and mortgage, and that he delivered them to plaintiff. This makes a presumption of law that he still held them, and plaintiff was entitled

to judgment on the pleadings. *Reed v. Arnold*, 10 Kas. 103, 104; *Gulf Rld. Co. v. Wilson*, 10 id. 111, 112; *Case v. Edson*, 40 id. 161; *Payne v. National Bank*, 16 id. 148.

*J. G. Hutchison*, plaintiff in error, for himself in reply:

It is not an answer to the question as to who can maintain this action to say that this deed of trust is a mortgage, and must be foreclosed by an action at law. This is the limit to which ¶ 4495, Gen. Stat. of 1889, and *Lenox v. Reed*, 12 Kas. 223, and *McDonald v. Kellogg*, 30 id. 170, go, and leaves the question as to who can maintain the action unanswered. We did not waive this question by answering over. *U. P. Rly. Co. v. Estes*, 37 Kas. 229.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action brought by Willis G. Myers against G. T. Jones and Abbie C. Jones, his wife, to recover $2,000 which he had loaned them, and to foreclose a mortgage or deed of trust given by the Joneses to secure the payment of the indebtedness. Edward E. Holmes, who was named as trustee in the mortgage deed of trust, was made a party defendant, as well as the Kansas City Investment Company, J. G. Hutchison, and others who claimed an interest. The investment company answered, setting up a second mortgage to the premises, executed by the same parties. A demurrer was filed by Hutchison, alleging that there was a defect of parties plaintiff, which was overruled, after which he filed an answer, which consisted of a general denial, and a further allegation that when Jones and wife executed the notes and mortgage to Myers, the state of Kansas was the owner of the premises, and that neither the legal nor equitable title had passed from the state to the Joneses, and that, on January 20, 1887, when the mortgage was executed to Myers, the Joneses had not the fee-simple title to the premises, nor any right to mortgage the same. He alleged further, that the land was not conveyed to Jones by patent from the United States until four days after the mortgage was executed. He then alleged

that on May 3, 1888, a judgment was recovered against Jones which became a lien upon the real estate, and that subsequently upon an execution a sale was made, which, on January 4, 1889, was confirmed in the purchaser, who thereafter transferred the title to Hutchison. He alleged that he thereby became the owner in fee simple of the premises, free from the lien or mortgage of the plaintiff, and asked judgment decreeing title in himself. Replies to this answer were filed by the mortgagees, but subsequently Hutchison amended his answer by an admission that a default had occurred in the payment of the sums secured by the plaintiff's mortgage, as plaintiff had alleged in his petition, and thereupon the replies were withdrawn, and, upon motion of Myers, a judgment of foreclosure upon the pleadings was rendered.

The first question presented for review is the ruling upon the demurrer, it being contended that Myers, the third party, and the beneficiary in the mortgage trust deed, could not maintain the action. It is conceded that he might prosecute an action in his own name to recover a personal judgment for the amount of the debt secured, but as the property was conveyed to Holmes for the benefit of Myers, it is claimed that Holmes alone could maintain the action for foreclosure. This claim is based on § 28 of the civil code, which, among other things, provides that the trustee of an express trust may bring an action without joining with him the person for whose benefit it is prosecuted. Although the trust deed purports to convey to the trustee, it was made for the mere purpose of securing a debt, and is no more than a mortgage, and can only be enforced as such. (*McDonald v. Kellogg*, 30 Kas. 170.) But granting that Holmes, who is named as trustee in the instrument, is the trustee of an express trust, we see no reason why the beneficiary may not properly bring the action. In this case the trustee was made a defendant, and was thereby enabled to secure any right or protect any interest which he might have in the transation. The general rule in this state is, that the party beneficially interested shall bring the action; but, for convenience

1. Trust mortgage—beneficiary—right to maintain action.

and necessity, provision is made for the prosecution of actions by representative parties. Section 26 of the code provides specifically that "every action must be prosecuted in the name of the real party in interest, except as otherwise provided in § 28." And § 28, as we have seen, provides "that an executor, administrator, guardian, trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted." As will be observed, the provision authorizing the trustee to bring an action is permissive rather than mandatory in its terms, and hence will not preclude the maintenance of an action in the name of the real party in interest. (*Price v. Insurance Co.*, 17 Minn. 497.)

Complaint is next made of the action of the court in entertaining a motion for judgment upon the pleadings, and in allowing judgment against Hutchison without testimony. The motion for judgment on the pleadings was equivalent to a demurrer to Hutchison's answer, and is a common and permissible practice. If the averments of the petition were sufficient, and the answer did not allege a defense, and no amendment was asked for or allowed, plaintiff was certainly entitled to a judgment. As the case then stood, the execution of the note and mortgage, not being denied under oath, was admitted, and it was also conceded that default had been made in the payment of the indebtedness secured by the mortgage. This was the extent of the admissions of the plaintiff in error, who had filed a general denial. It was alleged in the petition that Myers was the owner and holder of the note. This was put in issue, and the averments in his own pleading tended to show that the title and ownership were in another. Upon the principal note, and each of the coupons, there was the following indorsement: "Pay to the order of John Jeffries & Sons, trustees, without recourse.—WILLIS G. MYERS." This indorsement was not only permitted to remain upon the notes, but it was carefully copied into and made a part of the peti-

2. Practice— judgment on pleadings.

tion of plaintiff, Myers.  The transfer was sufficient to transfer the title to the indorsee, and Myers has thereby made a *prima facie* showing that he is not the owner of the note upon which he sues. (*Whittenhall v. Korber*, 12 Kas. 618.)

It is contended for Myers that, as he was the payee of the note and had possession of the same, there was a presumption that he still held and owned it, and was therefore entitled to judgment on the pleadings without testimony.  It is true that the possession is *prima facie* evidence of ownership, where the note itself and the indorsement thereon do not show who the owner is, or that the title has been transferred to another. (*Eggan v. Briggs*, 23 Kas. 710; *Challiss v. Wylie*, 35 id. 510; *Durein v. Moeser*, 36 id. 441; *O'Keeffe v. National Bank*, 49 id. 347.)  Here, however, it was not shown that Myers had the possession of the note, and, more than that, the indorsement on the same as set out by himself tended to show that the title had passed from him.  If Myers had the possession of the note, and had produced it at the trial, it would have furnished *prima facie* evidence of ownership in him, and, in the absence of any testimony which would overcome such *prima facie* proof, he would have been entitled to judgment. (*O'Keeffe v. National Bank*, supra.)  Myers contends that, having possession of the original, he had the right to cancel the indorsement, and it is true that, if he had legally acquired the paper after having transferred it, he might have canceled the indorsement. But, as we have seen, instead of striking out the indorsement, he made it one of the allegations of his petition;

3. Action on note—void judgment.

and, hence, a judgment without proof of possession or ownership cannot be sustained.  In addition to the authorities cited, see *Brotherton v. Street*, 24 N. E. Rep. (Ind.) 1068.  It is the safer, and believed to be the general practice, in district courts to require the production and cancellation of notes and mortgages in all foreclosure cases before the rendition of judgment, regardless of whether there has been a defense or a default.  No other defense is alleged. The claim that only the possessory right was mortgaged by Jones is based upon the term "property" used in the grant-

ing clause of the trust deed;. but when all of the provisions of the instrument are read together, they show clearly that it was a conveyance or mortgage of the land itself, and neither Jones, nor anyone claiming under him, is entitled to set up an after-acquired title as against the mortgagee. The error mentioned, however, cannot be overlooked, and, hence, the judgment must be reversed, and the cause remanded for another trial.

All the Justices concurring.