## MARY G. MYERS v. G. P. JONES, J. G. HUTCHISON, *et al.*

### Nos. 11,338, 11,339.  (59 Pac. 275.)

1. JUDICIAL SALE—*Subject to Mortgage—Subrogation.* Real estate encumbered by mortgage was levied on by a judgment creditor. The land was appraised, advertised, and sold, subject to the mortgage, and bid in by the plaintiff in the execution for a nominal sum. *Held*, that the latter, having bought the equity. of redemption only, could not be subrogated to the rights of the mortgagee if the amount of the mortgage debt should be collected from other property of the mortgagor.

2. ——— *Contract between Mortgagor and Mortgagee—Effect on Purchaser.* A contract was made between a mortgagor and mortgagee, wherein the latter agreed to look solely to the premises encumbered for the satisfaction of his debt. *Held*, that the lien of the mortgage was nowise impaired by such arrangement, and that a purchaser buying the land under the circumstances mentioned in the first paragraph of this syllabus took the same charged with the lien of the encumbrance to the amount thereof.

3. ——— *Proceedings for Review—Cross-petition in Error.* Plaintiff below claimed ownership of the land in controversy under certain tax deeds in addition to title derived at execution sale. A decree was entered in his favor, in effect confirming his

title, but his claim under the tax deeds was denied. Defendants below commenced proceedings in error in this court to reverse the judgment. *Held*, that the contention of plaintiff below as to the validity of the tax deeds cannot be considered, he having filed here no cross-petition in error.

4. —— *Lis Pendcns.* The rights of a purchaser of land *pendente lite* considered.

5. —— *Injunction—Collateral Attack.* A defendant in a foreclosure suit answered. After a decree against him, he commenced an action to enjoin the judgment and to set aside a sheriff's sale under the decree, alleging fraud in the judgment. Such questions could have been litigated in the foreclosure suit. *Held*, that the injunction proceedings could not be maintained.

Error from Lyon district court; W. A. RANDOLPH, judge. Opinion filed December 9, 1899. Reversed.

STATEMENT.

ON July 24, 1897, there was filed in the court below a petition as follows:

"J. G. HUTCHISON, JOHN H. TENNANT, WILLIS C. WALKER, SAMUEL GOODIN, and WILLIAM STRIBLING, partners as Tennant, Walker & Co., P. P. ARGERSINGER and JAMES P. ARGERSINGER, partners as P. P. Argersinger & Co., *Plaintiffs*,

v.

"EDWARD P. KIMBALL, WALLACE HACKETT, and W. F. THAYER, and DAN. GAUGHAN, sheriff of Lyon county, Kansas, *Defendants*.

"Come now the said plaintiffs and, for their cause of action against the said defendants, say:

"That on or about the 6th day of July, 1889, the said plaintiff J. G. Hutchison was in the quiet and peaceable possession of the south half of section (17), township twenty-one (21), range ten (10), in Lyon county, Kansas, under the following title, to wit:

"That on the 3d day of May, 1888, J. W. Brigham & Co. recovered a judgment in the district court of Lyon county, Kansas, against said G. P. Jones, hereinafter mentioned, and one E. W. Evertts, for the sum of five hundred and eighty-nine and $\frac{84}{100}$ dollars, and costs, which said sum was and became on said day a lien on all the land herein described. That on October 23, 1888, an execution was duly issued on said judgment and levied on the said south half of section seventeen, township twenty-one, range ten,

which was duly advertised and sold thereunder according to law to J. W. Brigham, sr., and J. W. Brigham, jr., on the 22d day of December, 1888, which sale was duly confirmed, and a good and sufficient sheriff's deed made by the sheriff of Lyon county to such purchaser on the 14th day of January, 1889, and such purchasers were duly put in possession of said land.

"That on the 19th day of January, 1889, said purchasers, by their deed duly executed, conveyed said south half of section 17, township 21, range 10, to said plaintiff J. G. Hutchison, and duly put him in possession thereof.

"That said plaintiffs John H. Tennant, Willis C. Walker, Samuel Goodin and William Stribling are a partnership doing business under the firm name of Tennant, Walker & Co., and were such upon the 13th day of September, 1888. That on said 13th day of September, 1888, they duly recovered a judgment before E. N. Evans, a justice of the peace in Lyon county, Kansas, against the said G. P. Jones and one E. W. Evertts, for the sum of thirty and $\frac{25}{100}$ dollars and costs, an abstract of which was duly filed in the office of the clerk of the district court of Lyon county, Kansas, on the 14th day of September, 1888, and said sum became a lien on all the land herein described. That said judgment and lien thereof is still in full force and effect, unreversed, undischarged, and unsatisfied. Said judgment has not become dormant, but has been kept alive by timely executions duly issued and returned.

"That said plaintiffs P. P. Argersinger and James P. Argersinger are a partnership doing business under the firm name of P. P. Argersinger & Co., and were such on the 26th day of May, 1889. That on said day they recovered a judgment against said G. P. Jones and one E. W. Evertts, before E. N. Evans, a justice of the peace in and for Lyon county, Kansas, for the sum of ninety-four and $\frac{25}{100}$ dollars and costs, an abstract of which was duly filed in the office of the clerk of the district court of Lyon county, Kansas, on the 28th day of May, 1888, and said sum became a lien on all lands herein described. That said judgment, and

13—61 KAN.

the lien thereof, is still in full force and effect, and is unreversed, undischarged, and unsatisfied. Said judgment has not become dormant, but has been kept alive by timely executions duly issued and returned.

" That on the 6th day of July, 1889, one Willis G. Myers, claiming a mortgage lien on the south half of section 17, and the southwest quarter of the southwest quarter of section 16, all in township 21, range 10, in said Lyon county, for the sum of two thousand dollars, by virtue of a mortgage deed of trust, executed by G. P. Jones and Abbie C. Jones to Edward E. Holmes, trustee therein and of an express trust, and wherein said Willis G. Myers was named as beneficiary, commenced an action and filed his petition in district court of Lyon county, Kansas, setting up and making exhibits therewith copies of said mortgage deed of trust and the note secured by same, and alleging that said note, together with the interest accrued thereon, was a lien on all said above-described land, and making G. P. Jones, Abbie C. Jones, J. C. Jones and J. Frank Edwards, partners as Jones & Edwards, John W. Weaver, J. W. Brigham, sr., J. W. Brigham, jr., J. G. Hutchison, G. C. Smith, —— Heddens, J. W. Heddens, and I. T. Murray, partners as Smith, Heddens & Co., P. P. Argersinger and James P. Argersinger, partners as P. P. Argersinger & Co., John H. Tennant, Willis C. Walker, Samuel Goodin, and William Stribling, partners as Tennant, Walker & Co., L. R. Wright, V. B. Wright, Gustavus Thayer, W. W. Whitridge, Edward E. Holmes, trustee, Kansas City Investment Company, O. Jensen and E. W. Freyschlag, partners as Jensen & Freyschlag, John V. Farwell, Chas. B. Farwell, John C. Harlan, John T. Chumasero, John V. Farwell, jr., partners as John V. Farwell & Co., and Irwin & Eaton Crockery Company, defendants, and alleging that as to all of said defendants named therein, other than said G. P. Jones. and Abbie C. Jones, they, and each of them, have or claim to have some interest in or lien upon said premises, but that the same was inferior and junior and subject to the said mortgage lien claimed by the said Myers.

" That on the said 6th day of July, 1889, said Wil-

Myers v. Jones.

lis G. Myers was not the owner and holder of said note and deed of trust as in said petition alleged, and at no time thereafter was he such owner and holder, but had theretofore indorsed, transferred and delivered the same to John Jeffries & Son, and falsely and fraudulently alleged and represented to this court that he was such owner and holder. That neither the said J. Frank Edwards or Edward E. Holmes, trustee in said deed of trust, was in any manner served with summons or by publication in said action, or filed any pleading therein, or made or entered any other appearance in said cause at any time.

"That said plaintiff J. G. Hutchison alone appeared and answered the petition filed by said Willis G. Myers, and all the other said defendants named therein made default. That thereafter on the 18th day of January, 1890, at the December, 1899, term of said district court of Lyon county, said cause came on to be heard on the issues joined, and said Willis G. Myers fraudulently procured the court to render judgment in his favor against the said G. P. Jones and Abbie C. Jones for the sum of two thousand three hundred and seventy-two dollars, and that the same bear interest at 12 per cent. per annum from that day, and judgments against all the other persons named as defendants in his said petition that said sum was a prior lien on said above-described lands by virtue of said deed of trust, and decreeing that the same be foreclosed and said lands sold for the payment of said sum.

"That thereafter the said district court of Lyon county adjourned the said December, 1889, term thereof *sine die*, and said defendants, and each of them, were thereby dismissed out of court, and the said district court of Lyon county lost and ceased to have jurisdiction over them and each of them. That thereafter and in due time the said plaintiff J. G. Hutchison filed his petition in error in the supreme court of the state of Kansas, asking that said judgment as against him be reversed and held for naught. That in said proceeding in error the said plaintiff J. G. Hutchison, was sole plaintiff in error, and said Willis G. Myers,

the Kansas City Investment Co., G. P. Jones and Abbie C. Jones were the only defendants in error, and upon the consideration said judgment was reversed as to said plaintiff J. G. Hutchison and held for naught, for that 'upon the principal note and each of the coupons there was the following indorsement : "Pay to the order of John Jeffries & Son, trustees, without recourse.—Willis G. Myers." This indorsement was not only permitted to remain upon the notes, but it was carefully copied into and made a part of the petition of plaintiff Myers. The transfer was sufficient to transfer the title to the indorsee, and Myers had thereby made a *prima facie* showing that he is not the owner and holder of the note upon which he sues.' And because of which said petition of said Myers was fatally defective as not stating a cause of action in his favor against the defendants therein or either of them.

"That thereafter, on the 7th day of December, 1893, at the December, 1893, term of the district court of Lyon county, said court, in pursuance of a mandate from the supreme court of the state of Kansas, set aside said judgment rendered on the 18th day of January, 1890, as to said plaintiff J. G. Hutchison, and in so far as it was declared to be a lien on the said south half of section 17, township 21, range 10, above described, belonging to said plaintiff J. G. Hutchison, and left it remaining in full force and effect as to all other said persons named as defendants and as to the said southwest quarter of the southwest quarter of section 16, township 21, range 10, above described ; and thereafter said court adjourned *sine die*, and said defendants and each of them as yet remained before said court was thereby dismissed out of court, and said court lost and ceased to have jurisdiction over them and each of them, save and except the said J. G. Hutchison. That theretofore, and pending the hearing of said petition in error, the said plaintiff J. G. Hutchison, on the 11th day of November, 1891, for a valuable consideration, sold and conveyed the said south half of section 17, township 21, range 10, above described, and all his right, title and interest therein, to Anna Keys,

and the said Anna Keys immediately went into the open and exclusive possession thereof, and continued in said possession until the time hereinafter alleged, all of which was well known to said Willis G. Myers and the said defendants, Edward P. Kimball, Wallace Hackett, and W. F. Thayer.

"Also, that theretofore, and pending the hearing of the said petition in error, and on the 26th day of March, 1892, the said Willis G. Myers fraudently assumed to assign and transfer to the said defendants herein, Edward P. Kimball, Wallace Hackett, and W. F. Thayer, all his right, title and interest in the note and mortgage aforesaid, and in the judgment aforesaid rendered on the 18th day of January, 1890. That on said 26th day of March, 1892, said Willis G. Myers was not the owner and holder of said note and mortgage deed of trust, did not have the possession or control thereof, and had no right, title or interest therein, and said assumed assignment and transfer thereof did not vest any right, title or interest therein in said defendants herein, Edward P. Kimball, Wallace Hackett, and W. F. Thayer, and was made in fraud of the rights of these plaintiffs.

" That thereafter, and after said order of said supreme court reversing said judgment as aforesaid had been made, and after the order setting aside the same had been made by the district court of Lyon county, Kansas, as aforesaid, and after the said district court had adjourned the December, 1893, term thereof *sine die*, and at the February, 1894, term of said court, on the 24th day of February, 1894, the said defendants herein, Edward P. Kimball, Wallace Hackett, and W. F. Thayer, falsely and fraudulently represented that they had become and were now the owners and holders of the said note and mortgage deed of trust, and asked to he substituted as plaintiffs for said Willis G. Myers, and which substitution was, upon false and fraudulent representation, allowed and permitted by said court, and thereafter, on the 9th day of March, 1894, said Edward P. Kimball and W. F. Thayer filed an amended petition in said action, in which they

alleged three new, distinct and controverted facts not contained in said original petition, viz. :

"*First.* They assumed to cure the fatal defect in the original petition filed by said Myers by false and fraudulent allegations showing title of the note and mortgage sued on in Myers at the commencement of said action on the 8th day of July, 1889.

"*Second.* And, by way of supplemental petition, they falsely and fraudulently alleged that on the 6th day of March, 1892, they became the owners and holders of the said note and mortgage deed of trust set out in the original petition of Myers, by the same having been assigned to them by the said Myers, and that they were the then owners thereof.

"*Third.* By way of further supplemental petition they falsely and fraudulently alleged that the said note and mortgage deed of trust sued on was 'filed in the office of the clerk of this court at the time the former judgment was entered herein, and have been lost or abstracted from the files of the office of said clerk, or have been otherwise lost or mislaid,' and because of which they, the said Edward P. Kimball, Wallace Hackett, and W. F. Thayer, were not able to and could not produce them in court.

" The said Anna Keys was not made a party defendant, or otherwise, to said amended and supplemental petition filed by the said defendants herein as aforesaid, and was not a party thereto. That it was still alleged that at the filing of said amended and supplemental petition that the said plaintiff J. G. Hutchison had some interest in said lands above described junior and inferior to the said mortgage deed of trust of the said defendants herein, and that the said mortgage deed of trust be foreclosed as to said interest of said J. G. Hutchison. That at the time said amended and supplemental petition was filed said plaintiff J. G. Hutchison had no right, title or interest in any of said land above described, having theretofore, and on the 11th day of November, 1891, conveyed all his right, title and interest in and to any part of the same to said Anna Keys, who then became

and was thereafter the lawful owner and in the peaceable possession thereof, and all of which was well known to said defendants herein, Edward P. Kimball, Wallace Hackett, and W. F. Thayer. That no summons was ever issued on said amended and supplemental petition to any of said plaintiffs herein, or any of the persons named as defendants therein, although all the persons named in the original petition of Myers as defendants were named as defendants in said amended and supplemental petition, and it was alleged that they had some right, title and interest in said lands therein and herein described, and it was asked that such right, title and interest be foreclosed and sold for payment of said mortgage debt, and no notice of any kind was ever given to any of said plaintiffs herein, or any of the persons named as defendants therein, of the filing of said amended and supplemental petition, save and except the plaintiff J. G. Hutchison, and none of said persons appeared in any way or filed any answer or other pleading thereto save and except said plaintiff J. G. Hutchison, and said district court of Lyon county had no jurisdiction of said plaintiffs herein or any of the other persons named as defendants therein to render any judgment of any kind against them after the last day of the December, 1889, term thereof, and after the last day of the December, 1893, term thereof, or upon said amended and supplemental petition, save and except as to said plaintiff J. G. Hutchison.

"That on the 22d day of May, 1894, at the regular May, 1894, term of said district court, the said defendants herein, Kimball, Hackett, and Thayer, fraudulently procured said court to render a personal judgment on said amended and supplemental petition against G. P. Jones and Abbie C. Jones for the sum of three thousand four hundred and thirteen dollars, bearing interest from said day at 12 per cent. per annum, and a joint judgment of foreclosure against said Abbie C. Jones and G. P. Jones, said plaintiffs herein, and all the other persons named above as defendants therein ; that said sum was and is a lien on the lands described therein and herein, prior and su-

perior to the right, title and interest of said plaintiffs herein and said defendants therein, and that said land be sold for the payment thereof. Said plaintiffs herein further allege that said judgment so rendered on the 22d day of May, 1894, is null and void and cannot be enforced against said plaintiffs herein, or any of said persons named as defendants in said amended and supplemental petition, for that when the December, 1889, term of said district court adjourned *sine die*, and when the said December term, 1893, of said court adjourned *sine die*, all of said plaintiffs herein and said defendants therein were dismissed out of court, and the said district court ceased to have further jurisdiction over them, or any of them, to render any other or further judgment against them, or any of them, save and except said plaintiff J. G. Hutchison, and for that said district court had no jurisdiction to render any judgment on said amended and supplemental petition filed on the 9th day of March, 1894, until such persons named therein as defendants had been duly summoned to appear and answer the same, or had notice of the filing thereof, and had an opportunity to answer the same, and had had their day in court; and that said judgment so rendered on the 22d day of May, 1894, was and is a joint judgment against all of said defendants named therein and said plaintiffs herein, and is an entirety, and is therefore void as to all the said plaintiffs herein and as to said other persons named as defendants therein, and is alike void and unenforceable as to all of them.

"That no execution, order of sale or other process for the enforcement of said judgment rendered on the 18th day of January, 1890, was or had been issued thereon within five years after the rendition thereof, and no proceedings have been had according to law to revive the same, and said judgment is now fully satisfied and discharged by operation of law.

"That both said judgments rendered as aforesaid on the 18th day of January, 1890, and on the 22d day of May, 1894, have been and are fully paid, satisfied and discharged by said G. P. Jones, and are not now liens or charges on the land above described, or

any part thereof. That a release and satisfaction of said judgment of record is by agreement between said G. P. Jones and said defendants, Kimball, Hackett, and Thayer, and in fraud of the rights of these plaintiffs, withheld from the records of this court and the fact thereof attempted to be concealed from this court and the officers thereof and these plaintiffs. That said payment, satisfaction and discharge and agreement were prior to the issuing of any order of sale on said judgments as hereinbefore alleged. That subsequent to the rendition of said judgment of May 22, 1894, purporting to foreclose said plaintiffs of all right, title and interest they then had in said land above described, and on the 1st day of September, 1896, the said Anna Keys, for a valuable consideration, sold and conveyed to said plaintiff J. G. Hutchison the said south half of section 17, township 21, range 10, and said plaintiff J. G. Hutchison now is and ever since has been in the quiet and peaceable possession thereof, holding and claiming the same under and by virtue of said conveyance, and also by virtue of the facts hereinafter alleged. That no judgment of foreclosure has at any time been rendered against said Anna Keys, foreclosing her of her said right, title and interest in said land. That said judgment of May 22, 1894, only purported to foreclose said plaintiff J. G. Hutchison of the right, title and interest which he then held therein, and does not purport to and cannot affect or foreclose said plaintiff J. G. Hutchison of said right, title and interest so sold and conveyed to him by said Anna Keys as aforesaid, and which he acquired subsequent to said judgment of foreclosure, and said right, title and interest is not foreclosed thereby or subject to sale thereunder.

" That said plaintiffs further allege that the taxes on said above-described south half of section 17, township 21, range 10, for the year 1892, was not paid by said Anna Keys, nor by any one, and that it was regularly sold for taxes at the regular tax sale in September, 1893, and certificates of such sale issued to the purchasers thereof. That valid tax deeds have been issued to the holders thereof on said certificates, and

the grantees in said tax deeds have duly conveyed the same to said plaintiff J. G. Hutchison, all of which conveyances have been duly recorded in the office of the register of deeds of Lyon county, Kansas, and were so recorded before the pretended sale of property hereinafter mentioned, and said plaintiff J. G. Hutchison is now in possession of said land and claiming title thereto and possession thereof by virtue of such tax deeds. That said title by virtue of such tax deeds constitutes and vests in said plaintiff J. G. Hutchison a title and right of possession superior to any mortgage or foreclosure judgment theretofore held or rendered in favor of said defendants herein, Kimball, Hackett, and Thayer, and is not subject to sale thereunder, and said plaintiff J. G. Hutchison's said title and possession by virtue of said tax deeds cannot be divested by virtue of said mortgage lien or said foreclosure judgment.

"That on the 3d day of June, 1897, the said defendants herein, Kimball, Hackett, and Thayer, procured an order of sale to be issued by the clerk of this court on said judgments, and had it placed in the hands of the defendant herein named, Dan. Gaughan, sheriff of Lyon county, ordering said Dan. Gaughan as such sheriff to advertise and sell said lands for the payment and satisfaction of such judgments, and said Dan. Gaughan did assume to advertise, and on the 12th day of July, 1897, made a pretended sale thereof, to one Mary G. Myers, and had made due return thereof to the clerk of this court. That said pretended purchasers are claiming that the pretended judgment under which said order of sale was issued and sale made were valid, and that their purchase of the above-described premises was valid, and are now seeking to appear before this court at the first opportunity and request and seek to obtain a confirmation of said sale, and to obtain the order of this court requiring said sheriff to execute to them a deed, which deed would assume to convey to them some title, and would cast a cloud upon the title of said plaintiff Hutchison and seriously affect the aforesaid liens of the other plaintiffs herein, and are seeking, threatening, and intend-

ing, upon such confirmation, to have said sheriff put them in posssession of said premises, to the great and irreparable injury of all of said plaintiffs. That a payment and satisfaction of said judgment by or on the part of these plaintiffs will not be and constitute a payment and discharge of said mortgage debt and the lien thereof or a protection to said plaintiffs or any of them against another suit thereon by the true and lawful owners thereof. That the southwest quarter of the southwest quarter of section 16, township 21, range 10, had at all times since the 18th day of July, 1890, and until the 18th day of July, 1895, been subject to sale for the satisfaction of the sums so claimed to be due said defendants, Kimball, Hackett and Thayer, and an order of sale could and of right ought to have been issued for the sale thereof, and the same sold and the proceeds thereof applied to the payment of the said sum claimed to be due the said defendants Kimball, Hackett, and Thayer, as aforesaid, and for the reduction of the amount due thereon.

" That said defendants Kimball, Hackett and Thayer have neglected so to do and to have said forty acres sold and the proceeds thereof applied to the payment of the sum so claimed to be due them, to the great and irreparable injury of said plaintiffs herein, and in fraud of the rights of said plaintiffs.

" Wherefore, said plaintiffs pray that said Dan. Gaughan, sheriff as aforesaid of said Lyon county, be restrained and enjoined from making to this court any report of said sale under and by virtue of said order of sale, and that said defendants be restrained from seeking such confirmation, and to that effect that a temporary injunction issue, and that upon the final hearing hereof said injunction be made perpetual, and that it be herein and therein decreed that said judgment first named in point of time is and was dormant, and that no order of sale might lawfully issue thereon, and that said second pretended judgment be decreed void because the parties thereto were not before the court and the court had not jurisdiction over them, and that said judgment, being joint, was and is absolutely void in so far as it is prejudicial to any of the

plaintiffs herein, and that the rights of all the parties plaintiff herein be ascertained and decreed by the judgment of this court, and they pray for costs of suit, and for all other further and appropiate relief."

Thereupon the defendants below filed a verified answer, as follows (omitting caption):

" Now come the defendants herein, and for answer to plaintiff's petition —

" *First.* Defendants admit that on or about and prior to the 11th day of November, 1891, the land described in plaintiffs' petition belonged to and was the property of the plaintiff, held by him in fee simple, subject to the mortgage lien of Willis G. Myers, afterwards assigned to these defendants, Kimball, Hackett and Thayer, which was foreclosed in the action wherein Willis G. Myers was the original plaintiff, and afterwards these defendants, Kimball, Hackett, and Thayer, were substituted as plaintiffs.

"*Second.* Further answering, these defendants state that in said action of *Myers v. Jones et al.*, on or about January 18, 1890, and in *Kimball et al. v. Jones et al.*, on or about May 22, 1894, this court rendered due and proper judgments of foreclosure against all of the defendants in said action, including the plaintiffs, and personal judgments against the said G. P. Jones and Abbie C. Jones, his wife; that afterwards, and before the commencement of this action, the said G. P. Jones and Abbie C. Jones waived all error or irregularities in the rendition of said judgments; that said waiver is on file in said cause in this court; that none of the other parties to said action had any real or actual interest or lien or claim against said lands; that the order made in this court on the 7th day of December, 1893, was not in pursuance of the mandate of the supreme court of Kansas; that the judgment of the supreme court of Kansas rendered in the cause therein wherein said J. G. Hutchison was plaintiff in error and Willis G. Myers and others, including plaintiffs herein, were defendants in error, and the said mandate was to the effect that said judgment be wholly set aside and reversed as to all parties thereto,

including plaintiffs herein ; that said supreme court duly and regularly had rendered and entered said judgment therein that the order of this court made setting aside said judgment only as to plaintiff J. G. Hutchison was without jurisdiction and void; that while said order, as alleged in plaintiff's petition as having been entered by this court on the 7th day of December, 1893, does appear upon the records of this court, yet the same was of no effect and void as aforesaid; that since the commencement of this action, this defendant Dan. Gaughan has, pursuant to an order of sale issued upon said judgments in plaintiffs' favor, sold the lands described in plaintiffs' petition, together with other lands, and the same was purchased by Mary G. Myers; that said sale has not yet been confirmed, but that the same was in all respects regular and in pursuance of a valid judgment or judgments and order of sale issued in said cause, and that said Mary G. Myers is now in fact the owner of said lands.

"*Third.* Further answering, these defendants state that the pretended conveyance from the plaintiff J. G. Hutchison to Anna Keys, and from the said Anna Keys and husband back to the plaintiff herein, was made for the purpose of hindering and delaying and defrauding defendants in this cause, plaintiffs in said other action, and Willis G. Myers, their assignor, and was without consideration and void ; that the plaintiff J. G. Hutchison has been in possession of and receiving the rents and profits of said lands continuously for the last eight years; that said pretended tax deeds mentioned in plaintiffs' petition were void and of no effect; that it was the duty of this plaintiff to pay the taxes upon said lands, he being the owner thereof subject to the said mortgage lien of these defendants, formerly belonging to the said Willis G. Myers; that in fact one of the said tax deeds is based upon a certificate of sale for taxes, which pretended sale purported to be made to, and said pretended certificate of sale was issued to, the said plaintiff herein at the time when he was the owner of and in possession of said lands subject to the mortgage lien aforesaid, and

during the pendency of the aforesaid action of *Willis G. Myers v. G. P. Jones et al.;* that any lien upon said lands or right therein created by said pretended tax-sale certificate was foreclosed and barred, and the said plaintiff and all persons claiming under him by reason of said pretended tax-sale certificate were foreclosed and barred of any lien or interest in said lands created thereby by the judgment of foreclosure in the said action of *Myers v. Jones et al.*, and these defendants, *Kimball, Hackett and Thayer v. Jones et al.*, and that when the said plaintiff procured from the grantees in said pretended tax deeds pretended conveyances of said lands to him he was simply discharging and performing what he should have done, to wit, paying said taxes; that said tax deeds were void for the reason, among others, that an unlawful and excessive amount of costs were charged therein, especially the printer's charge for printing the final notice of issuance of said pretended tax deeds, which charge was excessive and above the amount actually charged by the publisher of the paper publishing said notice.

"*Fourth.* Further answering, these defendants admit that the defendant Dan. Gaughan is sheriff of Lyon county, Kansas, and was at the commencement of this action about to sell and had advertised for sale said lands, under the order of sale issued upon the aforesaid judgment or judgments, and that since the commencement of this action as aforesaid he has sold the lands therein, as above alleged.

"*Fifth.* Further answering, these defendants deny each and every other allegation contained in plaintiffs' petition."

A general denial by way way of reply was filed by plaintiffs below. Thereafter Mary G. Myers was made a party defendant in the suit, and filed an answer in all respects similar to that of her codefendants. Trial was had before the court, a jury being waived. Judgment was rendered in favor of the plaintiffs below, sustaining all the allegations of their petition except the averments as to the tax deeds therein, which deeds

the court found to be void. The decree forever enjoined defendants below from enforcing judgments of foreclosure theretofore rendered in their favor and declared to be liens on certain real estate.

*Cook & Gossett*, and *B. W. Jaquith*, for plaintiff in error, and for Kimball, Hackett & Thayer.

*J. G. Hutchison, Buck & Spencer*, and *J. Harvey Frith*, for defendants in error.

The opinion of the court was delivered by

SMITH, J. : The half-section of land included in the mortgage for $2200 given by G. P. Jones and wife to Willis G. Myers, on January 20, 1887, was sold under a judgment recovered in May, 1888, by Brigham & Co. against Jones. The appraisers selected by the sheriff valued the land at nothing above the encumbrances. The return of the officer shows that he advertised the real estate and sold the half section in controversy to J. W. Brigham for five dollars, subject to a mortgage lien of $2200. The defendant in error Hutchison derived title to said land by quitclaim from Brigham.

On June 6, 1889, suit was brought in the district court to foreclose the mortgage given by Jones and wife to Myers ; and Hutchison, Jones and wife, Brigham & Co., Tennant, Walker & Co., Argersinger & Co. and other judgment creditors were made parties defendant in the suit. Hutchison alone answered. On January 18, 1890, on motion of Myers, a decree was rendered in his favor on the pleadings in the cause foreclosing his mortgage. From this judgment Hutchison prosecuted proceedings in error to this court, where the judgment of the court below was reversed. (52 Kan. 290, 34 Pac. 742.) The reversal was had for the reason that the general denial of

Hutchison put in issue the question of the ownership of the note sued on, and hence judgment should not have been rendered on the pleadings. While the case was pending in this court Myers assigned the judgment and decree, as well as the note and mortgage, to Kimball, Hackett & Thayer, which assignment was acknowledged and recorded in the office of the register of deeds. After the reversal of the cause and the receipt of the mandate by the district court, an entry was made in the journal of the court below reciting that it had been adjudged here that so much of the judgment of January 18, 1890, as decreed that the mortgage was a lien on the half section of land prior to Hutchison's claim was reversed and set aside.

After this reversal Kimball, Hackett & Thayer were substituted as plaintiffs in lieu of Myers, and they filed an amended and supplemental petition, setting out their title to the note and mortgage and stating that the same had been lost since the former trial of the cause. Hutchison answered first by general denial; second, that he was the owner of the first tract (the half section) described in the mortgage; third, that Jones was not the owner of the land when he made the mortgage; fourth, that Willis G. Myers was not the owner of the note and mortgage when he brought suit, but that it was held by John Jeffries & Son, trustees. To this the plaintiffs below filed a reply, being a general denial. None of the other defendants in the original cause filed answer to the amended and supplemental petition. On these pleadings the cause was again tried, and a judgment rendered in favor of the plaintiffs below, and a decree foreclosing the mortgage entered, with the usual order of sale. After a sale under the decree and a return of the same made by the sheriff, this action

was brought to enjoin its confirmation.  There was also a motion filed by the plaintiff below to confirm, and another motion by defendants to set aside the sale.

It is insisted by the defendant in error Hutchison that the agreement made by Kimball, Hackett &

1, 2. Sale subject to mortgage— right of subrogation.

Thayer with G. P. Jones and wife, whereby the former agreed to rely upon the land described in the petition covered by the mortgage, and not to undertake to collect any judgment or judgments out of any other property of said Jones and wife, released the half-section of land covered by the mortgage and purchased by Brigham and conveyed to Hutchison.  We do not concur with the defendant in error in his contention.  The land was advertised and sold, according to the return of the sheriff, subject to the Myers mortgage, for the sum of five dollars.  The judgment under which the land was sold to Hutchison's grantor was junior to the mortgage.  Such purchaser is presumed to take the land subject thereto, and as he purchased and paid for only the value of the equity of redemption, the land is as to him the primary fund for the payment of the mortgage debt, and if that debt be enforced from other property the mortgagor himself (not Hutchison) would be subrogated to the right of the mortgagee and entitled to be indemnified out of the mortgaged premises.  (24 A. & E. Encycl. of L. 261 ; *Funk v. McReynold's Adm'rs*, 33 Ill. 481 ; *McKinstry and another, Adm'rs, v. Curtis*, 10 Paige, 503 ; *Clift against White*, 12 N. Y. 534.)

The instrument executed by Kimball, Hackett & Thayer was not intended to be a release of the mortgage lien.  Such lien was expressly reserved by the agreement.  It did not discharge the land from the

lien of the mortgage, nor anywise prevent the mortgagee from selling the same to satisfy the lien of·the encumbrances. (*Pierce et al. v. Sweet*, 33 Pa. St. 151; *Irwin v. Shoemaker*, 8 Watts & Serg. 75; *Whitney and another v. Haverhill Mutual Fire Insurance Company*, 9 Allen, 35.)

As to the judgments of Tennant, Walker & Co. and Argersinger against Jones, rendered in 1888 and 1889, it is sufficient to say that they were inferior in time and lien to the mortgage of Willis G. Myers; and in the first decree, of January 18, 1890, said judgment creditors were barred and foreclosed from all right, title, interest and equity of redemption in and to the real estate. If it is true, as defendant in error Hutchison contends, that that judgment was reversed in this court only as to him, then it stood as against Tennant, Walker & Co. and Argersinger & Co., and the latter are bound by the adjudication against them. Again, in the decree entered May 22, 1894, in favor of Kimball, Hackett & Thayer, foreclosing this same mortgage, they are barred and foreclosed from all right, title, interest and lien upon the property. In the decree of that date it is found that service was had upon them, and their right to superior liens fully adjudicated and denied. They are not seeking to set aside the latter decree against them by reason of defective service.

Hutchison, the plaintiff below in the case at bar, claims title from another source, acquired since the original judgment in foreclosure entered in January, 1890. On November 11, 1891, he conveyed the half-section to Mrs. Keys. At that time he was a party to the foreclosure action, and the purchase by her was *pendente lite*. After the last foreclosure judgment, of May 22, 1894,

4. Rights of purchaser pendente lite.

Mrs. Keys sold and conveyed the half section back to Hutchison, and he asserts that this vested in him a new title that had never been foreclosed—this for the reason that the matter was not *lis pendens* as to Mrs. Keys, because the petition was amended afterward, and such amendment could not act retroactively on the title she acquired before it was made. We can see no merit in this contention. The original petition filed in the case stated a cause of action in favor of Myers, and this court, in *Hutchison v. Myers*, supra, merely held that judgment could not be entered on the pleadings, because the general denial of Hutchison put in issue the ownership of the note. We do not understand the court in that case to say that the petition then under consideration would have been held bad on demurrer, as the plaintiff in that case expressly alleged that he was the owner and holder of the note sued on. No new controversy arose between the parties after the conveyance of the title to Mrs. Keys. The cause of action was the same afterward as before. Again, it will be noticed that the deed of Mrs. Keys was not on record in 1894, when the case was tried the second time, and the plaintiffs in that foreclosure suit had no notice of the same. Her possession, such as it was, began before she obtained her deed. It is quite clear that she was a purchaser *pendente lite*. (*Bayer v. Cockerill*, 3 Kan. 282 ; 13 A. & E. Encycl. of L. 907.) Any judgment against Hutchison in the action would be binding upon Mrs. Keys, for her title was derived by under and through him.

We cannot consider the claim of title asserted by the defendant in error under the tax deeds held by him. The court below refused to sustain his contention upon this branch of the case, and made an express finding against him. Of this finding he does not complain here, having filed

3. No cross-petition in error filed.

no cross-petition in error asking for relief against it.

It must be remembered that this is an action to enjoin a sheriff's sale under a judgment, by a defendant in that judgment who had been litigating with the plaintiff for years. He has sought by an action of injunction to attack collaterally the judgment rendered against him.

5. Collateral attack by injunction.

That Kimball, Hackett & Thayer were not the owners of the note was one of the questions litigated before this injunction suit was commenced. Whether or not they were the owners of the note was one of the questions decided in the original case, and being defeated in that controversy Hutchison cannot now assert that the judgment was fraudulently obtained. When a question of fraud is litigated by parties to a suit, a defeated defendant cannot, by proceedings in injunction, retry questions at issue in the main case, or issues which properly might have been tried under the pleadings. An erroneous judgment can never be attacked collaterally, and is not void. (*Burke v. Wheat*, 22 Kan. 722; *Bank of Santa Fe v. Haskell County Bank*, 51 id. 50, 32 Pac. 627; *National Bank v. Town Co.*, 51 id. 215, 32 Pac. 902.) Injunction will not lie to correct errors or irregularities. (10 A. & E. Encycl. of L., 1st ed., 901; *Burke v. Wheat*, supra; *C. K. & W. Rld. Co. v. Comm'rs of Anderson Co.*, 47 Kan. 766, 29 Pac. 96; *Howard v. Eddy*, 56 id. 498, 43 Pac. 1133; *Holderman v. Jones*, 52 id. 743, 746, 34 Pac. 352, and cases cited.)

The same questions are involved in case No. 11,339, being a proceeding in error here from a refusal of the court below to confirm the sheriff's sale.

Upon the pleadings and evidence, the judgment of the court below should have been in favor of the plaintiffs in error, their motion to confirm the sale sustained, and a sheriff's deed issued. The judgment

in the injunction proceeding and the ruling of the court setting aside the sale on motion will be reversed, with directions to proceed further in accordance with this opinion.