S. W. SHATTUCK v. CHARLES A. ELLAS *et al.*

No. 12,157.   ( 68 Pac. 1092.)

MORTGAGES—*Purchaser at Judicial Sale Held not an Innocent Party.* Several mortgages covering the same property were made to the same party at the same time, it being expressly provided in them that the one for $1000 was a first lien. The mortgagee assigned it and the second mortgage, which assignments were not recorded, and afterward foreclosed the third mortgage without making the holders of the other mortgages parties. At the foreclosure sale a third party bought the property for one-fourth of its value. The holder of the first mortgage instituted this foreclosure proceeding, and the court found that the purchaser at the previous foreclosure sale knew, at the time of the sale, that the mortgage for $1000 was prior to the one under which he bought, and knew that the mortgagee had sold and assigned it, and held that the purchaser bought the property subject to the mortgage for $1000. *Held*, not error.

Error from Sedgwick district court; C. REED, judge. Opinion filed May 10, 1902.   Affirmed.

*S. W. Shattuck, jr.*, for plaintiff in error.

*J. N. Haymaker*, for defendant in error Charles A. Ellas.

*Per Curiam:* On March 1, 1887, one Adamson and wife executed and delivered to one Clapp, who was a loan-broker in Wichita, their four separate notes. One was for $1000, due in five years, bearing interest at the rate of seven per cent. per annum, payable semiannually, containing the following statement:

"This bond is given for an actual loan of money in the above sum, and is secured by a mortgage of even date herewith on improved farm land, which mortgage is a first lien on the property described therein."

The mortgage itself stated that the premises were free from encumbrance, and that it secured a note due in five years, unless sooner matured by default in the payment of taxes or interest. A second note was for $350, due in five years, bearing interest at the rate of eight per cent. per annum, payable annually, and was secured by another mortgage on the same land. Another note was for $400, due in one year from date, bearing twelve per cent. interest per annum, payable semiannually. A fourth note was for fifty dollars, payable in five annual instalments. These last two notes were both secured by the same mortgage, which speaks of an encumbrance prior thereto. These mortgages were all placed on record in the office of the register of deeds of the proper county, the receiving book showing that the $1000 mortgage was first recorded.

On the 5th day of March, after their execution, Clapp sold to defendant in error Ellas the $1000 note and assigned the mortgage given to secure it, with the agreement and understanding that this mort-

gage was a first lien on the real estate. No record of this assignment was made. Clapp also subsequently assigned to another the $350 note and mortgage and retained the two notes for $400 and $50 and the mortgage securing them. These last-mentioned notes becoming due, Clapp commenced his action to foreclose them, making the makers and the plaintiff in error, Shattuck, who held a subsequent judgment lien on the land mortgaged, parties to that action, but did not make the assignees of the other mortgages parties thereto. After judgment of foreclosure, a sale of the premises by the sheriff was had, and they were purchased by the plaintiff in error for the sum of $650, the property being at the time worth more than $2400.

The plaintiff in error knew, at the time of this purchase, that Clapp had sold the $1000 note and mortgage in the East. He had also been told by the maker of the mortgages that the $1000 mortgage was prior to the mortgage under which he bought. Shattuck was also familiar with Clapp's place of business, which was but one block from the place of the sheriff's sale. He knew that Clapp was engaged in the mortgage business and was selling mortgage securities in the East. He had ample time and opportunity, both before and after the sale, and before payment of the purchase-price, to inquire of Clapp concerning the relative priorities of the mortgages as they appeared on the record.

This action was brought by the defendant in error Ellas to foreclose his $1000 mortgage. Shattuck, being made a party therein, claimed that he had a right to rely on the record, and, as it did not show the assignment by Clapp of the other mortgages, that he purchase the land freed from the lien of Ellas's mortgage. He claimed the law to be that, where a mort-

gagee chooses to foreclose a junior mortgage and cause the mortgaged property to be sold under such foreclosure, the purchaser takes it freed from other prior liens; that, as the mortgage under which he had purchased fell due first, that is, within one year, it, as a matter of law, must be held to be a first mortgage, and by its foreclosure, as he claims, all other subsequent mortgages were wiped out. We do not feel ourselves called upon to take issue with the plaintiff in error upon these questions as naked, abstract propositions of law, but find them clearly inapplicable to the questions here involved.

The trial court found that the plaintiff in error knew, at the time of his purchase, that the $1000 mortgage was prior to the $400 one, under which he bought, and that this $1000 mortgage had been sold and was no longer Clapp's property. No greater knowledge could have come to him respecting this matter had the assignment of the mortgage been made of record, and, in view of this finding of fact, his contention over the law is of no force. He claims, however, that these findings did not bind him because they were outside the issues raised by the pleadings. In this we cannot agree with him. Among the allegations of the petition was the following: "That if any such interest in, lien upon, or estate in said land they have, the same is and are junior, inferior, subordinate and subject to the plaintiff's said mortgage and interest therein." In the answer filed by the plaintiff in error, he alleged:

"That this defendant . . . had no notice or knowledge whatsoever, actual, constructive, or otherwise, of any assignment or transfer of the note, coupons and mortgage sued on by the plaintiff herein, or of either or any of them, from said defendant Clapp, . . . but that this defendant supposed and believed,

at and during all and each of said several times, that both of said mortgages, and the several notes and coupons thereby secured, and each of them, were held and owned by the said defendant, L. W. Clapp, as appeared from said records in the office of said register of deeds.''

This allegation was denied by the plaintiff below, and the issues thereby raised were ample and sufficient to support the findings of fact made by the court.

Besides this, the fact that the land, which was worth more than $2400, sold for $650, and the knowledge that Clapp was engaged in the business of loaning money and selling securities obtained, might reasonably have put the plaintiff in error upon inquiry as to the condition of these other notes, which inquiry could easily have been made, and, if made, would have resulted in a full confirmation from the lips of Clapp himself concerning the actual status of affairs.

The trial court held, under this state of facts, that Shattuck purchased the land subject to the claim of Ellas, who held the $1000 note and mortgage. In this we think the court was correct, and affirm its judgment.

SMITH, CUNNINGHAM, GREENE, POLLOCK, JJ.