## STREETER et al. v. PONCA STATE BANK.

No. 5991.   Opinion Filed November 23, 1915.

Rehearing Denied December 28, 1915.

(153 Pac. 632.)

**MORTGAGES—Foreclosure Sale—Rights of Purchaser—Prior Mortgage.** The purchaser at a mortgage foreclosure sale of real estate takes title to the land subject to a prior mortgage thereon and is not entitled to deduct the amount of said prior mortgage from the amount of his bid, nor to apply any surplus remaining after the satisfaction of his judgment and costs, upon such prior mortgage indebtedness.

(Syllabus by the Court.)

*Error from District Court, Noble County;*
*W. M. Bowles, Judge.*

Action by the Ponca State Bank against A. L. Streeter and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

*P. W. Cress,* for plaintiffs in error.

*Lantham & Burns,* for defendant in error.

HARDY, J. The Ponca State Bank recovered judgment in the district court of Noble county against plaintiffs in error, defendants below, for $3,610.25 and costs, and for foreclosure of a certain real estate mortgage given to secure the payment of the indebtedness represented by said judgment, which mortgage was subject to a prior mortgage in favor of one L. W. Clapp, for $800. On November 7, 1912, order of sale in accordance with said decree of foreclosure was issued, directing the sale of the premises, subject to the said prior mortgage. The premises were levied upon, and the interest of defendants therein appraised at $6,000. The property was sold at public outcry, and was bid in, by the attorney for the bank, for the sum of $4,001, cash in hand, and on motion duly made the sale was confirmed by the court. On April 11, 1913, the bank caused to be issued an execution against plaintiffs in error for an alleged deficiency of $585.45, and costs. Plaintiffs in error filed motion to recall this execution, correct the journal entry approving the sale, and to require the payment of the balance of the sum bid to them. A hearing was had upon this motion, at which considerable testimony was taken tending to contradict the record of the proceedings, at the close of which the court announced that he would sustain the motion of plaintiffs in error and modify the order of confirmation, so as to approve the bid of the bank for the face of its judgment. The journal entry, however, recites that the motion of plaintiffs in error was overruled, and motion for new trial was thereupon filed and overruled.

The question now for determination is whether the bank was entitled to deduct from the amount of its bid the sum due upon the prior mortgage in favor of Clapp, it being contended by the bank that it was entitled to do

so, and that it was entitled to an execution for the deficiency, while plaintiffs in error insist that the bid of the bank was for the equity of plaintiffs in error, and that they are entitled to the residue after the payment of the judgment and costs.   In this connection it may be observed that the appraisement expressly states that the property appraised was the right, title and interest of the plaintiffs in error and that counsel for the bank testified that he prepared the pleadings in the case, knew of the existence of the prior mortgage, and made his bid subject thereto.   Upon this state of facts we think there can be no doubt that when the bank purchased the property it took title subject to the prior mortgage in favor of Clapp, and was not entitled to deduct from the amount of its bid the sum due upon said mortgage.   The rule is stated in 27 Cyc. 1724, as follows:

"The foreclosure purchaser takes title to the land subject to all valid liens and incumbrances upon it created prior to the mortgage under foreclosure, and which remain undischarged, except those whose binding force he can successfully impeach, or of which he was fraudulently kept in ignorance, or as to which he was deceived or misled."

Under this citation a great many authorities are collected, holding to the same effect.   The exact question does not seem to have been presented to and decided by this court heretofore, but in *Van Eman v. Mosing,* 36 Okla. 555, 129 Pac. 2, it was held that the purchaser of the equity of redemption in mortgaged lands does not become liable personally for the payment of the mortgage debt; and in *Horr v. Herrington et al.,* 22 Okla. 590, 98 Pac. 443, 20 L. R. A. (N. S.) 47, 132 Am. St. Rep. 648, it was held that a junior mortgagee has no claim by virtue of his mortgage upon the surplus money arising from a

sale under a suit to foreclose a senior mortgage to which he was not made a party. 24 Cyc. 62.

As to the right of the bank to retain the amount of its bid over and above its judgment, and to apply same upon the prior mortgage in favor of Clapp, it may be said that Clapp was not a party to this proceeding, and the court therefore did not have jurisdiction to inquire into and determine the amount due on said mortgage, or to require the payment thereof. On the contrary, it appears that when the equity of redemption of plaintiffs in error was sold it was recited in the decree of foreclosure, the order of sale, and the bid made by the bank that the sale was subject to said prior mortgage. In 2 Jones on Mortgages, section 1698, it is said:

"Upon a sale under a junior mortgage a surplus belongs to the mortgagor and is not applied to the satisfaction of a prior mortgage, for the equity of redemption which is sold belongs to the mortgagor and the presumption of law is that the purchaser of it only pays for it its worth in excess of the prior mortgage debt."

In *Greensburg Fuel Co. et al. v. Irwin Natural Gas Co.*, 162 Pa. 78, 29 Atl. 274, it is said:

"A mortgage, the lien of which is not discharged by a sheriff's sale, cannot share in the proceeds of the sale. In such case, all that the purchaser takes by the sale is the equity of redemption, and his bid is for such sum as he is willing to pay for the property above the amount of the mortgage debt." *Shattuck v. Ellas*, 65 Kan. 298, 68 Pac. 1092; *Myers v. Jones*, 61 Kan. 209, 59 Pac. 275; *Perkins v. Stewart*, 75 Minn. 23, 77 N. W. 434; *Spencer Savings Bank v. Cooley*, 177 Mass. 49, 58 N. E. 276.

The law being as stated, the bank was not entitled to retain from the amount bid any sum by reason of the prior mortgage in favor of Clapp, but was under obliga-

OCTOBER TERM, 1915.—VOL. XLIX.    613

tion to pay the full amount of its bid, and any balance due after deducting therefrom the amount of its judgment and costs should have been paid over to the clerk of the court subject to the order of the court as to the final disposition thereof; and it not appearing from the record that any persons were interested therein other than those before us, the plaintiffs in error were entitled to have said residue paid to them, and the court erred in refusing to recall the execution and in failing to require the payment of the full amount of the bid.

The judgment appealed from is therefore reversed, and the cause remanded to the trial court, with directions to sustain the motion of plaintiffs in error, to recall the said execution, and to require the bank to pay over the balance of said bid to plaintiffs in error.

All the Justices concur.