## Cross *versus* Stahlman.

*Distribution of Proceeds of Sale on junior Lien to Judgment on first Mortgage-Bond, not allowed.—Entry of Satisfaction on Mortgage, when not conclusive.*

1. A judgment on a bond secured by a first mortgage is not payable out of the proceeds of a sheriff's sale of the mortgaged premises under a junior judgment.

2. Though the mortgagee has, after receiving the money due on the bonds, written on the record that all the bonds secured by this mortgage were paid, he can recover on the mortgage, upon showing that the sheriff in distributing the proceeds of the sale of the mortgaged premises upon a junior judgment had misappropriated them to a judgment on the mortgage-bond, and that he had been compelled to refund to the sheriff who had been sued and judgment recovered against him for the misappropriation.

3. The amount to be recovered on the mortgage in such case, is the sum paid by the mortgagee to the sheriff with the interest thereon.

ERROR to the Common Pleas of *Juniata county*.

This was a *scire facias sur mortgage* by Solomon Stahlman, for the use of W. J. Kirk, against Samuel Cross and William Cross, with notice to Alexander Eaton, terre-tenant.

The material facts of the case were as follows:—On the 30th of March 1839, Samuel and William Cross executed a mortgage to Solomon Stahlman, to secure the payment of $2000, in five annual instalments, commencing on the 1st of April 1840. In July 1842, the mortgage and bonds were assigned to William J. Kirk, for whose use the suit was brought. On the margin of the record, given in evidence by plaintiff, the following entries were made:—

"February 5th 1845, the two first bonds on this mortgage, one of the sum of $350, were cancelled and paid by John McDowell—one other of $300 cancelled by do.

"December 5th 1849, the bond of $350, dated 1st of April 1842, was paid by John McDowell.

"December 5th 1849, the bond of $500, dated 1st of April 1843, was paid by John McDowell.

"December 5th 1849, the bond of $500, dated 1st of April 1844, was paid by John McDowell and received per me.

　　　　　　　　(Signed)　　　　"WM. J. KIRK."

On the trial the bonds were produced by the defendants; which

7 WR.—9

had all been receipted for by Kirk, except the first two. The plaintiff did not deny that he had received all that was due on the mortgage and bonds; but he alleged that $217.20 were paid to him in mistake, a part of which he was compelled to refund, and on that ground he claimed to recover. . The mistake in payment occurred in this way :—

The mortgage was the first lien on the real estate of the Messrs. Cross.

February 23d 1842, James Lathers obtained judgment against them for $191.40.

February 28th 1842, John McDowell obtained the third lien for $934.84.

March 14th 1842, judgment was obtained on the mortgage-bonds, due 1st April 1840, and 1st April 1841.

Afterwards J. & J. Milliken and John Endslow, for use of William J. Kirk, respectively obtained judgments, which were liens next in order ; one for $122.87, and one for $99.06, making together $1348.17, exclusive of interest and costs.

In 1843 the land bound by the mortgage was levied and sold by the sheriff for $1405, on a judgment subsequent to the judgments on the mortgage-bonds, and $217.20 of the purchase-money was applied to one of the judgments which had been obtained on the mortgage-bonds. When the money was paid by the sheriff, Kirk gave a refunding receipt in these words :—

"Received, 4th of May 1843, from William W. Wilson, $217.20, it being balance of defendant's real estate, as per *vend. expo.*, No. 26, February Term 1843. It is agreed if any difficulty should arise in any way about this money, it is to be refunded by Wm. Kirk to sheriff Wilson.

(Signed)          "WM. J. KIRK."

John McDowell was the purchaser at sheriff's sale. He afterwards paid the balance of the mortgage to Kirk, who receipted on the record, and delivered to McDowell the bonds, which were also receipted. In consequence of the misappropriation of the proceeds of sale to the judgment on the mortgage-bond, the fund was insufficient to meet the Milliken judgment. This judgment was revived in 1856 for $228.88, and on a *testatum fi. fa.*, issued to Centre county, the personal property of the Messrs. Cross was levied on, when a compromise was made, Milliken agreeing to receive $150 and the costs in full of his claim, and to transfer the judgment to them. After the payment of this money, Messrs. Cross brought suit against William W. Wilson, on his official bond, in which they recovered the amount they had paid Milliken, and interest. The case is reported in 10 Casey 63. Kirk paid the judgment against Wilson, which was $195.70, and then brought this *sci. fa.* on the mortgage, in

[Cross *v.* Stahlman.]

which he claimed to recover $217.20, with interest from the time of its misappropriation by sheriff Wilson. In September 1859, McDowell, by articles of agreement, sold the land to Eaton, who received his conveyance March 20th 1860.

On the trial the defendants requested the court to instruct the jury:—

1. That the appropriation by sheriff Wilson of the proceeds of sale of defendants' real estate to the judgments of Mr. Kirk on the mortgage-bonds, was a mistake of law; and if McDowell, the purchaser, paid the balance due on the mortgage to Mr. Kirk, who entered satisfaction on the record, and delivered to him the bonds under a like mutual mistake, and with a knowledge of the facts, or an opportunity of knowing them, then there can be no recovery in this action.

2. That the lifting of the bonds by McDowell, and the receipt on the record of the mortgage by Kirk, was an absolute satisfaction of the mortgage; and any mistake made in law by Wilson ·and Kirk, in the appropriation of the proceeds of sale of Cross's real estate, will not defeat that satisfaction, and enable Kirk to recover on the mortgage.

3. That sheriff Wilson having misappropriated the proceeds of the sale, could not have recovered from the defendants in the execution, nor from the purchaser by *sci. fa.* on the mortgage, and that Kirk, having satisfied the mortgage, stands in no better condition than Wilson, and cannot now set aside that satisfaction by alleging that he received the money from Wilson under a mistake of law.

4. That the right of action on Kirk's indemnity to Wilson accrued to Wilson when the misappropriation was made, and that more than six years having elapsed, the repayment by Kirk to Wilson was voluntary, and affords him no right to recover in this action.

5. That if Kirk was present when Eaton was negotiating with McDowell for the purchase of the land, and encouraged him to buy, then there can be no recovery against him; and the notice subsequently given does not place the plaintiff in any better position.

6. If the court should be of opinion that this action may be maintained, then the plaintiff can only recover the amount of the Milliken judgment against Wilson, to wit, $195.70, with interest from the 10th of September 1859, and the $10 paid Wilson, with interest from the time of payment.

The court below (GRAHAM, P. J.), after stating the facts, charged as follows:—

"On this state of facts defendants' counsel contends there can be no recovery on the mortgage for the money thus paid to Mr. Kirk, which he was afterwards required to refund to the sheriff.

[Cross *v.* Stahlman.]

The plaintiff claims a balance of $217.20 on the bond, due 1st April 1841, for $300. This is the bond on which judgment was obtained, and $217.20 paid on the judgment by the sheriff to Kirk out of the purchase-money. Consequently McDowell, the purchaser, was erroneously released from the payment of that amount of the purchase-money which he ought to have paid to relieve the land purchased from the lien of the mortgage. [If McDowell never paid this $217.20, but it was erroneously paid by the sheriff out of the purchase-money paid by McDowell, and the receipts on the mortgage and bonds were given in consequence of this payment by the sheriff, a part of which was afterwards repaid to him by Mr. Kirk, then, as to Mr. McDowell, we instruct you that the receipts given, founded in error and mistake as to this $217.20, will not prevent a recovery of the amount paid by Mr. Kirk by a proceeding on the mortgage.] But it is alleged that Eaton, the vendee of McDowell, stands in the position of a purchaser without notice, and is therefore protected, and no recovery can be had against him as terre-tenant. If such were the case, then there could be no recovery against the terre-tenant Eaton. [But if he had full notice of this claim upon the mortgage as soon as Mr. Kirk knew of the contract to purchase, or soon afterwards, before the contract was executed by payment of the purchase-money and delivery of deed, then the land in his hands is bound by the lien of the mortgage, and the plaintiff may recover.]

"The question then arises, what amount is Kirk, the assignee of the mortgage, entitled to recover under the evidence in this case? When he received the $217.20, it is admitted that the mortgage was fully paid, and he would then have no further claim upon the land bound by it. But this was an erroneous payment, and the sheriff for his protection took a refunding receipt from Mr. Kirk. It therefore necessarily follows that the amount which Kirk had to refund by reason of his refunding receipt, after he had received the full amount of the mortgage, would be the balance due and recoverable by this proceeding by *scire facias* on the mortgage. The proof is that the only sums refunded by Kirk to the sheriff was $195.70, the amount of the judgment recovered by Milliken for the use of the Crosses, against sheriff Wilson for the misappropriation, which judgment was rendered the 5th of September 1859, and also the sum of $10 paid by Kirk to the sheriff the 8th of February 1860, in a suggestion of Samuel and William Cross, as plaintiffs in the suit on the sheriff's bond, in which they claimed an overplus, after payment of all the liens, payable out of the purchase-money. These two sums, with interest from the dates mentioned, would be the amount which the plaintiff would be entitled to recover.

"The plaintiff claims that he is entitled to recover the whole

[Cross v. Stahlman.]

amount of the $217.20 which was misappropriated by the sheriff, with interest from the date of its payment. He alleges that the judgment of Endslow for use of Kirk v. William and Samuel Cross, which was a lien, and would have been paid out of the sheriff's sales had the money been legally appropriated, was not paid to him, and he thus loses the amount of the Endslow judgment, with interest from 1st March 1842, and that he is entitled to recover this amount in addition to the money paid sheriff Wilson. But we do not concur with the plaintiff in this. This is a *sci. fa.* on the mortgage to recover what is due on it. The evidence shows he received the balance due on the mortgage, of which $217.20 was illegally paid; but if paid, he surely cannot ask to recover it a second time because the first payment was improperly and illegally made to him. He can recover in this case the amount refunded to the sheriff, and no more. If he ought to have received the Endslow judgment, his remedy was by a suggestion in the suit on the sheriff's bond of the misappropriation in the case of Endslow's judgment; but he cannot recover in the *sci. fa.* on the mortgage against the owner of the land for a misappropriation by the sheriff, in not paying a judgment which had no connection whatever with the mortgage."

The points were answered severally in accordance with the general charge.

There was a verdict and judgment in favour of plaintiff for $233.15; whereupon the defendants sued out this writ, and assigned for error so much of the charge as is included above in brackets, and the refusal of the court below to answer their points in the affirmative.

*Edmund S. Doty*, for plaintiff in error, argued that the entry by Kirk on the record, to the effect that all the bonds secured by the mortgage were paid, amounted to a satisfaction of the mortgage, and was so in substance: citing Fleming v. Parry, 12 Harris 47; Ackla v. Ackla, 6 Barr 230; Kidder v. Kidder, 9 Casey 268. That even if there was a mistake it was one against which equity would not relieve: Good v. Herr, 7 W. & S. 253; Espy v. Allison, 9 Watts; Mann's Appeal, 1 Barr 24; Commonwealth v. Wilson, 10 Casey 63.

*Parker & Alexander*, for defendants in error.

The opinion of the court was delivered, June 26th 1862, by

READ, J.—This case was virtually decided in The Commonwealth v. Wilson, 10 Casey 63, where we held that a judgment on a bond secured by mortgage is not payable out of the proceeds of a sheriff's sale of the mortgaged premises under a junior judgment. In that case the defendants in this suit and

the mortgagors recovered from Sheriff Wilson, on his official bond, the amount paid by them to J. & J. Milliken, for their judgment against them, and upon which a *testatum fi. fa.* was issued to Centre county, and levied upon their personal property. The ground of this recovery was that, upon a sale of these mortgaged premises, under this junior judgment, the sheriff, instead of paying this judgment, had paid the amount in his hands to the holder of the prior mortgage on account of a judgment on one of the bonds secured by it, and had taken from him a refunding receipt. Sheriff Wilson paid the amount recovered from him, and he was repaid by the holder of the mortgage, which, of course, left so much still due on the mortgage which had never been satisfied.

In the present suit on this mortgage the plaintiffs below have recovered the amount thus remaining due on it, being the amount paid by them to Sheriff Wilson, with interest. In this we can discover no error, and, therefore,

The judgment is affirmed.