## Greensburg Fuel Co. et al. v. Irwin Natural Gas Co. Southwest Natural Gas Co.'s Appeal.

*Natural gas companies—" Land held in fee "—Act of April 7, 1870—Execution—Mortgage.*

A right to take natural gas from land, and rights of way and appliances required in obtaining the gas, and transporting it to consumers, is not " land held in fee," within the meaning of the act of April 7, 1870, P. L. 58, which provides a special fi. fa. for the sale of the franchises, rights and property (excepting lands held in fee) of an insolvent corporation.

The exception in the act of April 7, 1870, P. L. 58, is limited to the land which the corporation holds in fee and which is not dedicated to corporate purposes or essential to the exercise of the corporate franchises. It was the purpose of the act to allow the creditors of the corporation to sell its franchises and property dedicated and essential to the purposes for which it was chartered, and not to disintegrate such property and thus defeat such purposes and prevent the performance of the duties which the corporation owes to the public. By Mr. Justice McCollum.

A natural gas company owning the natural gas underlying a tract of land, and the rights and privileges necessary or useful in the production or transportation of the same therefrom, executed a mortgage for the unpaid balance of the purchase money of the same. The mortgagee obtained judgment upon a note accompanying the mortgage and subsequently secured control of two junior judgments. On one of these it issued a special execution under the act of April 7, 1870, and levied and advertised all the property, franchises and rights of the gas company (except lands held in fee), subject to any mortgage existing upon it. The mortgagee purchased the same at the sheriff's sale. *Held,* that the mortgagee was not entitled to participate with other creditors in the fund realized by the sale.

Argued October 4, 1893.    Appeal, No. 261, Oct. T., 1893, by Southwest Natural Gas Co., and T. Mellon & Sons, from order of C. P. Westmoreland Co., Aug. T., 1892, No. 30, in Greensburg Fuel Co. v. Irwin Natural Gas Co., dismissing exceptions to auditor's report.    Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ.    Affirmed.

Distribution of fund raised by sheriff's sale.

From the report of the auditor, John Latta, Esq., it appeared that the Southwest Natural Gas Co., being owner of a tract of land in Westmoreland county, conveyed the same to one

Emmet Queen, " excepting and reserving however from the operations of this grant the gas well upon the said premises, and all the materials and machinery therewith, and regress and egress to and from the same, and all of the natural gas in and underlying the said tract or piece of land aforedescribed, and all the gas rights and privileges necessary or useful in the production and transportation of said gas therefrom," etc.

Subsequently, in 1889, the said Southwest Company conveyed to the Irwin Natural Gas Co., the defendant in the execution, " all its right, title and interest in said tract of land (being all the rights, etc., reserved in its deed to Emmet Queen,) together with all wells, derricks, tubing, pipes and other fittings and appliances now or hereafter on said premises and owned by the first party, and all rights of mining or transporting natural gas from and over said premises which the party of the first part hereto may now have, exercise and enjoy; also all those rights of way for the laying and maintaining of pipe lines for the transportation of natural gas, etc., commencing at the premises hereinbefore described and extending lineally . . . . to the borough of Irwin, together with all pipes, joints, fittings, pipe line, gates and other appliances mentioned therewith, now or hereafter, in or upon said right of way."

On the same day the said Irwin Company executed a mortgage thereof to secure the payment of five promissory notes for purchase money, one at the time of said audit held by the appellant, the Southwest Natural Gas Co., and the other two then held by the appellants, T. Mellon & Sons, as indorsees.

The Irwin Natural Gas Co. was organized under the natural gas company act of May 29, 1885, P. L. 29.

In 1892 the Greensburg Co. issued a fi. fa. and a special alias fi. fa. under the act of April 7, 1870, under which the sheriff levied and advertised for sale " all the property, franchises and rights of the Irwin Natural Gas Co., defendant, (excepting lands held in fee) in any and every county of this commonwealth, wherein the same may be; with the same effect as though all said property, franchises and rights were located, used, levied upon and sold in this county; and fully divesting the defendant corporation of all interest therein; the purchaser or purchasers thereof to take the same clear of all incumbrances, excepting any mortgage or mortgages which may

legally exist at the time of levy thereupon, the lien of which shall not be affected in any manner by said sale."

The sheriff's return showed that he sold the property described in his levy on July 14, 1892, to the Southwest Natural Gas Co. for $7,150, which he paid into court.

The Southwest Natural Gas Co. obtained judgment on the note held by it, secured by said mortgage, issued a fi. fa. and a special alias fi. fa. thereon, but stayed their writ prior to the sheriff's sale.

Before the auditor the Southwest Natural Gas Co. and T. Mellon & Sons claimed a dividend of the fund, pro rata, with the other creditors of the defendant.   The auditor refused their claim, and awarded the balance, after paying other creditors, to the stockholders of the defendant corporation, holding that the claimants had been paid in the purchase of the mortgaged property, which was sold subject to their mortgage.

Exceptions to auditor's report, in not distributing to appellants pro rata, and in finding that the Southwest Co. held a mortgage on defendant's realty and personalty, were dismissed.

*Errors assigned* were dismissal of exceptions to report, quoting them.

*V. E. Williams, A. M. Sloan* and *Wm. G. Griffith* with him, for appellants.—The act of April 7, 1870, supplies the 73d section of the act of June 16, 1836, authorizing sequestration, and the franchises and property of a corporation may be seized and sold out under a fi. fa.: R. R. Co.'s Ap., 70 Pa. 355.

The proceeds of a sheriff's sale of the property, franchises, etc., of a corporation, under the act of 1870, are to be distributed among all the creditors as in the case of insolvency, and the levy under such execution does not create a lien on the property seized: Bayard's Ap., 72 Pa. 453.

The legislature did not intend that an execution issued under the act should be a lien on the property, franchises and rights of the defendant for the sole use and benefit of the plaintiff, and that he should be first paid out of the proceeds of sale: Guest v. Water Co., 142 Pa. 610.

It may be needless to observe that the sale in the case now at bar was not under the 72d section of the act of 1836.   A reference to the return made by the sheriff is decisive of that

point. Not being sold under the act of 1836, it follows that the proceeds are not applicable to the liens in their order: Bank v. Coke Co., 137 Pa. 601; Act of April 7, 1870, P. L. 58; Hogg's Ap., 88 Pa. 195; Hopkins' Ap., 90 Pa. 69; Steiner's Ap., 27 Pa. 313.

Where real property of a corporation is sold under an ordinary fieri facias and vend. ex. allowed by the 72d section of the act of 1836, the proceeds are to be distributed to the liens in the order of their priority; and where personal property is sold under the ordinary fieri facias allowed by the same section, the fund goes to the writs of execution in their order as in other cases.

The act of 1870 and the remedy by special fieri facias allowed by it, being in lieu of the remedy by sequestration provided by the 73d section of the act of 1836, are effectual only to divest the title of a defendant corporation to its franchises, rights and personal property; real estate cannot be sold thereunder, the remedy provided by the 72d section of the act of 1836 being exclusive.

The proceeds of a sale under the act of 1870 are to be distributed amongst all the creditors according to the rules established in the case of the insolvency of individuals, § 1, " excepting any mortgage or mortgages which may legally exist at the time of levy thereupon, the lien of which shall not be affected in any manner by said sale."

The mortgaged premises are lands held in fee: Com. v. Susquehanna & Delaware River R. R. Co., 122 Pa. 321; Carr v. Le Fevre, 27 Pa. 413; Phila. & Balt. Central R. R. v. Johnson, 54 Pa. 127.

As to the franchises and personal property, the appellants had the right to an execution and sale, in satisfaction of their debt. But the defendant being a corporation and insolvent, the fund realized by the sale of the franchises and personal property was distributable to all the creditors of the defendant pro rata.

In all cases cited by the learned auditor to sustain his conclusion, the property actually pledged was sold subject to the mortgage.

*A. D. McConnell, George W. Flowers* with him, for appellees.

—When a purchaser buys property at a judicial sale which is subject to a first mortgage, he takes it subject to the mortgage debt, and he must therefore bid for the property at the sale as much less than he conceives to be its value as the mortgage debt amounts to.

If the sale is made subject to the mortgage that means that it is subject to the mortgage debt, and a judgment which ordinarily has a lien of its own will not be allowed in this case to participate in the distribution if it represent any part of the mortgage debt, because that debt adheres to the land and does not fall on the fund for distribution.

If a sale is made on a judgment based on a note or other security than the mortgage itself, given for any part of the mortgage debt, such sale will divest the mortgage, though the judgment be long subsequent to the first mortgage : Com. v. Wilson, 34 Pa. 67.

In Cross v. Stahlman, 43 Pa. 129, it was decided that a judgment on a bond secured by a first mortgage is not payable out of the proceeds of a sheriff's sale of the mortgaged premises under a junior judgment.

The staying of the writ on the judgment which represented a part of the mortgage debt was for the specific purpose of having the property sold subject to the mortgage : Trickett on Liens, sec. 848 ; Bittinger's Ap., 6 W. N. 231 ; Shryock v. Jones, 22 Pa. 303.

It has been conclusively established by the proceedings in this case that the defendant has no lands held in fee, in the sense of the act of 1870 : Guest v. Water Co., 142 Pa. 615. The description of the property mortgaged shows that fact.

There is nothing in the description that could be called " lands held in fee " unless it be a " gas well upon said premises," or " all of the natural gas in or underlying the said tract or piece of land : " Westmoreland Nat. Gas Co. v. DeWitt, 130 Pa. 249. " Land comprehends all things of a permanent substantial nature : " 2 Bl. Com. 16.

Another reason for thinking that the mortgaged premises are not " lands in fee," within the meaning of the act of 1870, is that that reference is only to such lands as are held in fee and not essential to the corporate purposes of the company, while the mortgaged premises, even if lands (which we deny), are essential to the corporate purposes of the company.

All the lands which ever could have been sold by the 72d section of the act of 1836 are yet sold in the same manner; but only lands essential to corporate purposes can pass by a sale under the act of 1870 : Plymouth R. R. v. Colwell, 39 Pa. 337.

When another than the mortgagee buys a property subject to a mortgage the mortgage forms a part of the price of the property, and as between the mortgagor and purchaser, the latter contracts to pay the mortgage : Carpenter v. Koons, 20 Pa. 222 ; Act of April 6, 1830, P. L. 393 ; The Dollar Savings Bank v. Burns, 87 Pa. 491 ; Cock v. Bailey, 146 Pa. 328 ; Scott v. Fields, 7 Watts, 360.

OPINION BY MR. JUSTICE McCOLLUM, May 31, 1894 :

The fund for distribution was realized by a sheriff's sale on a special fieri facias under the act of April 7, 1870, of "all the property, franchises and rights of the Irwin Natural Gas Company, excepting lands held in fee," and it is agreed by the parties claiming this fund that the lien of the mortgage given by said company to the Southwest Natural Gas Company on the 21st of August, 1889, for $35,000, was not affected by the sale. At the sale the mortgagee became the purchaser, for the sum of $7,150, of the property and franchises sold, and it now claims that it is entitled to share pro rata with the other creditors of the Irwin Company in the distribution of the proceeds. This claim was successfully resisted before the auditor, and in the court below, by the stockholders and unsecured creditors of the Irwin Company, on the ground that the Southwest Company purchased the property subject to its mortgage. No question is made respecting the validity or regularity of the sale. It may therefore be considered as agreed by the parties interested in the distribution that the Southwest Company has, by virtue of its purchase, all the property and franchises of the Irwin Company, excepting its lands held in fee. But the Southwest Company contends that the property covered by its mortgage is within the exception mentioned in the levy, and was not sold on the special fi. fa. In other words its contention is that the mortgaged property is "land held in fee " which cannot be sold under the act of April 7, 1870, but is subject to levy and sale under the 72d section of the act of June 16, 1836. The question thus raised naturally leads us to a consideration of

the scope and meaning of the act of 1870.  Prior to its passage the franchises of a public corporation and its real and personal property appropriated to corporate objects and necessary to the exercise of its corporate functions were exempt from levy and sale on execution.  The remedy of its creditors against such property was by sequestration.  But property, real or personal, not devoted or essential to the purposes of the corporation, might be levied on and sold pursuant to the provision of the 72d section of the act of 1836.  The act of 1870 provided for the levy and sale, on execution, of the real, personal and mixed property (excepting lands held in fee), franchises and rights of the corporation, subject to any mortgage or mortgages legally existing thereon.  It was expressly declared to be " in *addition* to the provisions of the 72d section of the act of June 16, 1836, relating to executions, and in *lieu* of the provisions or proceedings by sequestration under said act."  It was obviously intended to furnish a method of disposing of such corporate property as before that time was exempt from levy and sale on execution.  Previous thereto lands which were a component part of the corporate plant and necessary to the enjoyment of the corporate franchises were so exempt, whether the corporation acquired title to it by purchase or by its delegated right of eminent domain ; but land not dedicated to corporate purposes or essential to corporate functions was liable to be levied upon and sold in the same manner and with the same effect as the land of other debtors.  Land which before the act of 1870 could be sold on execution under the act of 1836 is to be sold in the same manner and with the same effect now as then.  Land which could not then be sold on execution under the act of 1836 may now be sold on the special fi. fa. under the act of 1870.  We think therefore that the exception in the act of 1870 is limited to the land which the corporation holds in fee and which is not dedicated to corporate purposes, or essential to the exercise of the corporate franchises.  It was the purpose of the act in question to allow the creditors of the corporation to sell its franchises and property dedicated and essential to the purposes for which it was chartered, and not to disintegrate such property and thus defeat such purposes, and prevent the performance of the duties which the corporation owes to the public.  The property covered by the Southwest

Company's mortgage was not " land held in fee " within the meaning of the exception referred to. It was inseparably connected with and essential to the performance of the mortgagor's public duties under its charter. It consisted of the mortgagor's right to take natural gas from seven acres and eighty-three perches of land, and of its rights of way and appliances required in obtaining the gas and transporting the same to the consumers. It was the property which the mortgagor acquired from the mortgagee by deed of even date with the mortgage.

Independent of the reasons already given for our conclusion that it was not " land held in fee " within the meaning of the act under which it was sold, there are other considerations which confirm this view. These arise from the nature and quality of the property mortgaged. A right to take gas from the land, or water from the spring of another, for private use or consumption, is not land held in fee, and the appliances and privileges necessary to the enjoyment of the right are not: Westmoreland Natural Gas Co. v. De Witt, 130 Pa. 249.

The property levied on in this case was sold subject to any mortgage or mortgages legally existing thereon, and the only mortgage upon it was held by the Southwest Company. It was so sold on writs evidently controlled by the mortgagee and purchaser at the sheriff's sale.

A mortgage, the lien of which is not discharged by a sheriff's sale, cannot share in the proceeds of the sale. In such case all that the purchaser takes by the sale is the equity of redemption, and his bid is for such sum as he is willing to pay for the property above the amount of the mortgage debt. If the purchaser is the mortgagee his mortgage is in equity satisfied; his claim is paid in the purchase of the property sold subject to it: Commonwealth v. Wilson, 34 Pa. 63 ; Cross v. Stahlman, 43 Pa. 129 ; Carpenter v. Koons, 20 Pa. 222 ; Bryar's Appeal, 111 Pa. 504 ; Dollar Savings Bank v. Burns, 87 Pa. 491, and Cock v. Bailey, 146 Pa. 328.

The Southwest Company chose to make the sale subject to its own mortgage. It might have sold the property on its own writ issued on a judgment obtained on a note secured by the mortgage, and in that case the purchaser would have taken it clear of all liens. But for its own purposes it sold the property subject to the mortgage, and having taken possession of it by

virtue of its purchase, its claim that it was not sold on the special fi. fa. is in conflict with its action in the premises, and without substantial merit. In issuing a special fi. fa. on its own judgment there was a plain concession by it that the property included in its mortgage was not subject to levy and sale under the 72d section of the act of 1836. There is no evidence in the case which places the claim of Mellon & Sons upon higher ground in reference to the fund than the claim of the Southwest Company, or which affords any basis for determining what portion of the fund, if any, was realized by the sale of property not included in the mortgage.

In accordance with the foregoing views the specifications of error are overruled, the decree is affirmed and the appeal dismissed at the costs of the appellants.