Opinion by
Rice, P. J.,
This is an appeal from judgment for want of a sufficient affidavit of defense in an action of assumpsit on a recognizance for stay of execution on a judgment entered in favor of the plaintiffs against H. E. Bateman. The material allegations of the affidavit of defense are substantially as follows: first, that the judgment against Bateman was for the amount of promissory notes given by him,for part of a debt of a larger amount evidenced by the mortgage and accompanying bond, with confession of judgment, of Bateman to these plaintiffs, the mortgage being recorded in Westmoreland county, where the land is situated; second, that, after the entry of bail for stay of execution as above, the plaintiffs caused judgment to be entered in Allegheny county on the bond accompanying the mortgage, for the whole debt, and eventually issued a testatum fi. fa. thereon to Westmoreland county, by virtue of which the land described in the mortgage *522 was levied upon and sold at sheriff’s sale to the plaintiffs; third, that the value of the land was greater than the entire debt then unpaid.
It is stated in the affidavit that there was no competition at the sheriff’s sale. But all that reasonably can be inferred from this vague allegation is that no other bid than that of the plaintiffs was made. It does not justify an inference that the sale was not duly advertised or was not conducted openly and in the usual manner, or that no other persons were present, or that anything was said or done to deter them from bidding, or that after the plaintiffs’ bid was. made no opportunity was given for a second one; indeed, nothing is alleged which would have been ground for setting aside the sale in a direct proceeding: Swires v. Brotherline, 41 Pa. 135. We may, therefore, dismiss the allegation that there was no competition at the sheriff’s sale as immaterial, standing alone, in the present action.
It is also stated in the affidavit that, the plaintiffs bid in the land for costs. But, in his history of the case, counsel for defendant say that the bid was “for the sheriff’s costs, though nominally in the sum of $2,000.” Perhaps, if the sheriff’s special return had been set forth at length in the affivavit of defense, this seeming discrepancy would be explained. But we base nothing on this surmise; for we do not regard it as making any material difference, in disposing of the question before us, whether the plaintiffs’ bid was nominally $2,000 and was paid by giving their receipt, as provided in the Act of April 20, 1846, P. L. 411, or was only sufficient to pay the costs. According to either view, all that the plaintiffs paid in cash, or that their bid required them to pay in cash, was the amount of the sheriff’s costs; and, according to either view, the bid was insufficient in amount to reach any part of the debt involved in this appeal.
It is argued that the plaintiffs’ acquisition of the mortgaged premises in the manner and under the circumstances stated operated, in law, to discharge the entire indebt *523 edness and, therefore, to release this defendant from any liability upon his recognizance. This conclusion is irresistible if the premises be correct. But is it true that the whole debt was discharged or extinguished? It might be true if the plaintiffs had bought subject to the mortgage and there was any ground for implication that the mortgage debt was part of the consideration: Dollar Savings Bank v. Burns, 87 Pa. 491; Cock v. Bailey, 146 Pa. 328; Greensburg Fuel Co. v. Irwin Natural Gas Co., 162 Pa. 78. Be that as it may, the principle of those cases is not applicable where the sale is on a judgment on the mortgage or on the accompanying bond and the land is thereby discharged from the lien. In such case the personal liability of the debtor on the obligations the mortgage was given to secure to make good the deficiency arising out of the sale, remains even though the mortgagee be the purchaser at the sale. This was expressly decided in Wolfe’s App., 110 Pa. 126, and the principle is recognized generally. See Bradley v. Chester Valley R. R. Co., 36 Pa. 141, 151; 27 Cyc. of Law & Pro., 1746, 1747, 1748. Ordinarily, where there is a mortgage containing a covenant or promise to pay the debt intended to be secured, or where the debt is evidenced by a separate written obligation, and, in either case, there is no stipulation that none but the mortgaged premises shall be answerable for the debt, the extent to which the debtor is released from personal liability by a sheriff’s sale of the mortgaged property, under process issued on a judgment obtained on the mortgage, or on the separate written obligation, is measured by the proceeds of the sale applicable thereto. Thus, where the defendant on the purchase of land from the plaintiff, executed to the latter a purchase money mortgage and bond, and, upon judgment confessed on the bond, the land, though greatly improved by the defendant, was sold for a trifle to the plaintiff, there is no relief from the unsatisfied judgment: Lomison v. Faust, 145 Pa. 8. To the same effect is Bohde v. Lawless, 33 N. J. Eq. 412. If there was fraudulent connivance by the mortgagee, whereby other *524 bidders were deterred and he was enabled to buy the property for less than it was worth, there would be plausibility in the contention that in equity the actual value of the property ought to be the measure. But nothing of that kind is alleged in the present case; the mortgagee is simply pursuing his legal remedies and insisting on the advantages that they give him. Moreover, it is expressly admitted in the affidavit of defense that the sheriff made a special return, which was confirmed nisi and, at a later date, confirmed absolutely, and that he acknowledged and delivered to the purchasers a deed, which was duly recorded. Thus, the debtor had full opportunity to attack the sale and the application of the proceeds, if there was ground for such attack, but did not avail himself of it. Under the circumstances, the fairness and validity of the sale must be presumed in this collateral proceeding. This being so, the ordinary rule for determining the extent to which the debtor is released from personal liability by a sheriff’s sale of his property, is applicable. If, by reason of the inadequacy of price brought at the sale — a not uncommon occurrence— there is hardship, it is one that might have been anticipated and avoided by the debtor insisting upon a stipulation in the first instance, that none but the mortgaged premises should be answerable for the debt.
This looks like a hard case; but it is not near as hard a' case as Lomison v. Faust, 145 Pa. 8, and we cannot more appropriately close the discussion than by quoting the concluding part of the opinion in that case. “If we possessed unlimited power we might perhaps relieve the appellant. But we administer the law by fixed rules, and in accordance with established precedents; and we cannot stay the hands of a creditor, who is merely pursuing his legal remedies, because the case as presented to us may appear to be a hard one. Were we to depart from this rule, the evil we would do would be greater than the particular hardship we sought to remedy.”
The judgment is affirmed.