Peters' Estate

*Matthew Randall* and *Clinton A. Sowers*, for petitioner.
*Newbourg, Butterworth & Grubb*, contra.

STEARNE, J., June 1, 1934.—The petition and demurrer raise a question as to the application of the Act of January 17, 1934, P. L. 243. The purpose of the enactment is to protect, for a definite period, the owners of mortgaged real estate by limiting the amount of deficiency judgments. According to the settled law of this Commonwealth, the amount realized at a sheriff's sale (whether $50 or better) is conclusive in determining what deficiency may be recovered on the bond accompanying the mortgage: Lomison v. Faust, 145 Pa. 8; Mollenauer v. Smith, 51 Pa. Superior Ct. 517; Ruetschlin's Estate, 245 Pa. 473. In the Federal courts the rule is contrary, where the true value of the property at the time of the sheriff's sale may be proven in reduction of the judgment: In re Dix, 176 Fed. 582; In re Davis, 174 Fed. 556. During the existing economic disturbance, the hardship and unjustness of the Pennsylvania rule (so many times deplored by judges in various cases) became sharply emphasized. Valuable real estate, with no present market, has been frequently sold by the sheriff at nominal prices, and the mortgagee has therefore procured the property and still retains full recourse upon his bond. The result has been to pass to the mortgagee title and possession of the real estate and to permit him to receive, in addition, the full amount of the bond from other assets of the mortgagor. To avoid this manifestly unjust situation, but as an emergency measure, the legislature granted relief from January 17, 1934, to July 1, 1935. In substance, the Act of 1934 provides that whenever any real property is sold on any execution or foreclosure, and the sum for which such property is sold is not sufficient to satisfy the debt, interest, and costs, either plaintiff or defendant may, within 6 months of the sale, by stipulated proceedings, have the fair value of the property determined and have the same deducted from the amount of such judgment, or have such judgment satisfied of record.

In the instant case, petitioner does not come within the provisions of the act. Petitioner was an administrator c. t. a. of a decedent's estate. He duly filed his account, and at the audit the respondent presented its claim on a deficiency judgment. The judgment entered was in the sum of $2,751.25, and the net proceeds of the sheriff's sale decreed to respondent (the plaintiff in the foreclosure) was $1,974.07, leaving the amount of the claim $777.18. No objection was made to the claim, no exceptions were filed to the allowance thereof, and the adjudication dated March 30, 1933, was confirmed absolutely. By the schedule of distribution, approved by the court, the amount of the dividend due respondent from the (insolvent) estate was fixed at $581.

According to the petition, the respondent commenced foreclosure January 4, 1932, obtained judgment February 10, 1932, procured a sale to him by the sheriff on the first Monday of March 1932, and obtained a sheriff's deed in due course.

From the above, it clearly appears that the Act of January 17, 1934, has no possible application. The judgment and sheriff's sale were nearly 2 years prior to the passage of the act. Furthermore, even if within the prescribed limitation fixed by the act, to wit, January 17, 1934, until July 1, 1935, petitioner must proceed as stipulated by the act, which he has failed to do. The orphans' court possesses no equity powers to change the existing law. And lastly, respondent's claim was not contested before the auditing judge. The adjudication and award became absolute. Without a review, the award cannot be disturbed. And even though the present petition were treated as an application for review (which it is not), it would be wholly without merit, as no mistake of fact or of law is disclosed. The demurrer is sustained and the petition dismissed.