## White's Estate

· *Robert P. Shick,* for exceptant.
*J. Willison Smith, Jr.,* and *Edward A. Kelly,* contra.

STEARNE, J., March 22, 1935.—The legal complications in this case arose because the fiduciary, in compromise of a will contest, distributed a portion of the estate before he had filed his account. At the audit claims were presented and allowed which, if correct, result in the insolvency of the estate. The auditing judge surcharged the accountant for the amount he improperly distributed. Exceptions are filed to the surcharges and to the allowance of the claims.

When a fiduciary joins in a compromise settlement of a will contest or of a claim, and pays out funds of the estate in distribution or settlement before he has filed his account and has had the same audited, he must necessarily be held to have made such payments at his own risk and  peril.

The Fiduciaries Act of June 7, 1917, P. L. 447, prescribes the procedure for the settlement of an estate. While the act in section 49 (*b*) contemplates a situation where distributions may be made without an audit of an account, yet the act specifically states that such distribution is at the fiduciaries' "own risk". And even under this section such distribution can only be made after an account is filed. See Trexler, P. J., in Ivison's Estate, 101 Pa. Superior Court, 326, 329.

The wisdom of this statutory enactment is apparent. As in the present case, it may develop at the audit that there will be no assets to distribute to  beneficiaries. In the case of a compromise of a claim, creditors or beneficiaries may present evidence which will defeat the claim or any compromise. Good judgment and ordinary caution would preclude any distribution until after the audit and adjudication. As this accountant distributed estate assets prior to the adjudication of his account, in settlement of a will contest, it was at his own risk and peril, and the surcharge was properly made.

Insolvency of this estate resulted because of claims made upon bonds, accompanying mortgages, executed by the decedent. Apparently the parties were unaware of the existence of such bonds. The bonds were signed by decedent before she married, and hence were in her former name. However, the record

disclosed, and it was so found as a fact by the auditing judge, that decedent purchased real estate and executed a first and second mortgage thereon (the latter held by the claimant). Subsequently she conveyed the real estate. Foreclosure was later instituted upon the first mortgage, and at the sheriff's sale the real estate was sold for $50 to a straw man admittedly acting for the second mortgage holder, the claimant. The judgment was marked to the use of claimant. Suit was commenced upon the bond accompanying the second mortgage and after trial was duly prosecuted to judgment. These two judgments, against the decedent, were duly presented to the auditing judge and were allowed. We are of opinion that the ruling of the auditing judge was correct, except that the estate should be credited with the sum of $50, the amount for which the real estate was sold at the sheriff's sale.

Under the foregoing facts decedent was indebted to the claimant under her two bonds. The sum for which real estate is bid in at a mortgage foreclosure sale is conclusive as to its value as respects the parties: Lomison v. Faust, 145 Pa. 8; Mollenauer v. Smith, 51 Pa. Superior Ct. 517; Ruetschlin's Estate, 245 Pa. 473. The Act of January 17, 1934, P. L. 243, for the relief of this situation has no application to this case as the sheriff's sale occurred prior to decedent's death, and over 4 years before the statutory enactment: Peters' Estate, 20 D. & C. 611. Ryon's Estate, 21 D. & C. 215, relied upon by exceptant has no application. There we held that we considered that we were bound by Stanhope's Estate, 184 Pa. 414, and that therefore a purchaser at a sheriff's sale is presumed to have indemnified against existing undischarged incumbrances. The claims were properly allowed, but credit must be given upon the judgment (C. P. No. 4, June term, 1930, no. 2826) with interest from June 10, 1930, for $50, the amount realized at the sheriff's sale.

The exceptions are dismissed, and the adjudication, as modified, is confirmed absolutely.