## Eells et al., Trustees, v. Schick

*Floyd W. Tompkins*, of *Murdoch, Paxson, Kalish & Green*, for plaintiffs.

*Abraham Friedman*, for defendant.

KUN, J., January 28, 1939.—Plaintiffs are the owners of a mortgage and bond secured by premises which, at the time of the creation of the mortgage, were owned by a

predecessor in title to defendant. Defendant, when the owner of the property, entered into an agreement with plaintiffs for the extension of the maturity of the bond and mortgage, providing that defendant "guarantees, assumes and covenants to make prompt payment of the interest and principal of said bond so secured, together with all taxes . . ." and that "all the terms, conditions, stipulations and provisions contained in the said bond and mortgage not inconsistent herewith are to remain in full force and effect." Defendant thereafter conveyed the premises, and later, the mortgage being in default, plaintiffs foreclosed and bought in the property at the sheriff's sale for the amount of the sheriff's costs. Defendant, having parted with the title, was not named in these proceedings and had no notice thereof. Through the present suit on defendant's extension agreement, plaintiffs seek to recover from defendant the full amount of the mortgage debt with interest. Defendant filed an affidavit of defense claiming credit for the fair value of the property at the time of the sheriff's sale, which, he avers, was in excess of the amount of the indebtedness. Plaintiffs filed a rule for judgment for want of a sufficient affidavit of defense. The novel question is raised, whether one, not the mortgagor, who, as owner, agreed with the mortgagee to pay the amount of the existing bond and mortgage, is entitled to credit against his obligation for the actual value of the premises bought in by the mortgagee at a sheriff's sale in proceedings against the original mortgagor and a subsequent owner.

It is well established that when a mortgagee forecloses and buys in the property at a sheriff's sale, the deficiency for which the mortgagor is liable is the difference between the sale price and the amount of the debt. The amount bid at the sheriff's sale is conclusive, in the absence of fraud or other irregularity. Mere inadequacy of price, if shocking to the conscience of the chancellor, may be sufficient to set aside the sale. The sale, in such cases, however, must

be attacked before delivery of the sheriff's deed: Hettler et al. v. Shephard, 326 Pa. 165 (1937).

In Mollenauer v. Smith, 51 Pa. Superior Ct. 517 (1912), the rule was applied in the following situation. Plaintiff mortgagee foreclosed and bought in the property for less than the debt. Defendant, who was not the original mortgagor, entered into a recognizance for stay of execution on the judgment against the mortgagor. Suit was brought upon the recognizance. Defendant averred that the value of the property exceeded the bid price and sought credit for the value of the property. The court, in an opinion by Rice, P. J., refused to allow the credit, reiterating the principle that the mortgagee was entitled to the difference between the sale price and the amount of the original debt. In Beaver County B. & L. Assn. v. Winowich et ux., 323 Pa. 483 (1936), the rule was not only reaffirmed, but was held to be so strongly established that a statute attempting to abrogate it as to existing mortgages was held unconstitutional.

This, then, is the unquestioned right of the mortgagee against the mortgagor. The agreement under which defendant here became liable provided that he "guarantees, assumes and covenants to make prompt payment of the interest and principal of said bond so secured. . . ." The interest and principal of said bond is the amount of the deficiency which the mortgagor is now required to pay. That deficiency is the difference between the amount realized at the sheriff's sale and the amount of the debt.

The chief argument made for defendant is the equitable one that the rule of conclusiveness of the sheriff sale, which may produce harsh results as applied against the mortgagor, should not be extended to apply to others in the position of third parties. In the Winowich case, supra, Justice Stern says in a footnote at page 490:

"The rule [of conclusiveness of the amount bid at the sheriff's sale] is not necessarily applicable as between

the mortgagee and other creditors of the mortgagor, or, as between the mortgagee and third persons generally. See *Bugh's Estate*, 95 Pa. Superior Ct. 29, 34; *Weightman v. Union Trust Co.*, 208 Pa. 449."

Bugh's Estate, 95 Pa. Superior Ct. 29, cited by Justice Stern, applies the rule which subsequently was recognized by the Supreme Court in United Security Trust Company Case, 321 Pa. 276, that in insolvency proceedings, a secured creditor is required to give credit for the amount of security held by him, and in the case of a mortgage this rule applies whether the mortgage has been foreclosed and the property substituted for the mortgage, or the creditor still holds the mortgage. In the Weightman case, the other case cited, a mortgage was given on land which the owner was about to improve, and simultaneously a trust company gave a surety bond to the mortgagee, agreeing to indemnify the mortgagee against loss on account of the owner's failure to keep his obligation on the contract, including the mortgage, with the mortgagee. On default by the owner the mortgagee foreclosed and bought in the property for less than the debt. He sued the surety for the deficiency. The court held that because the plaintiff had failed to allege that the value of the premises bought in was less than the amount of the debt, he could not recover from the surety. The theory of the court was that the surety had bound itself to indemnify the mortgagee only against actual loss, and if the mortgagee had gotten property worth more than the debt of the mortgagor, then he had suffered no actual loss. The decision, therefore, was based upon the interpretation of the surety bond.

Our courts have in fact in several cases held third parties liable for the deficiency arising after a foreclosure sale. The case of Mollenauer v. Smith, supra, has already been mentioned. In Ruzyc et ux., to use, v. Brown et ux., 320 Pa. 213 (1935), a grantee of mortgaged premises, who in the deed had assumed to pay the

mortgage, was held liable for the deficiency arising after a foreclosure sale, even though it was alleged that the market value of the land exceeded the amount of the judgment. That case is very close on its facts to the present one, except that the agreement of assumption was in the deed of conveyance and was therefore made to the grantor, whereas here the assumption was in a separate instrument and was made directly to the mortgagee. The theory of the court in the Ŕuzyc case was that the grantee, by the assumption, had agreed to indemnify the mortgagor, not merely against actual loss, but against liability, and since the mortgagor was liable for the entire deficiency, irrespective of the value of the premises, the grantee was likewise liable.

Plummer et al. v. Wilson, 322 Pa. 118 (1936), was not a case of foreclosure of a mortgage, but the facts are closely analogous. There defendant guaranteed the prompt payment of rent and royalties due the plaintiff under a certain lease. On default, plaintiff levied on property of the lessee by distress, and at the sale plaintiff bought in the property for $50. Plaintiff sued defendant, as surety, for the arrearages of rent. Among the defenses was the allegation that the actual value of the property bought at the distress sale was $4,000 and that defendant was entitled to a credit in this amount. The court disallowed the credit on the ground that in the absence of fraud or irregularity, the sale was conclusive of the fair value of the property.

In The Real Estate-Land Title & Trust Co. v. Pivot B. & L. Assn., 16 D. & C. 680 (1932), defendant entered into an extension agreement with the mortgagee in which he assumed the mortgage debt. Thereafter, the mortgagee foreclosed and bought in the property for the sheriff's costs. On an affidavit of defense raising questions of law, we held that defendant was liable for the entire amount of the deficiency, though it must be pointed out that the precise question here involved was not considered, because it was not raised.

In the present case defendant makes a point of the fact that he received no notice of the foreclosure proceedings or of the sale, and, therefore, should not be bound by the purchase price at the sale. It is true, as a general rule, that where security other than a mortgage is pledged, the pledgee is required to give notice to the pledgor before selling the security to satisfy the debt. See cases collected in 49 C. J. 999 §250, n. 89. But this is where there is no statutory procedure for foreclosing the security by a judicial sale. In the case of a mortgage there is a well-established statutory procedure for selling the security by a judicial officer under the direction of the court. The very foundation of the rule that a sheriff's sale on a mortgage foreclosure is conclusive in the absence of fraud or irregularity is that all parties who may be interested in the sale are protected by the fact that it is a judicial sale and is publicly advertised and is conducted by a judicial officer. The soundness of the rule is clear enough as applied between mortgagee and the original mortgagor. The latter is named in the foreclosure proceedings. He has the opportunity to bid the property up to its fair value, or have the sale set aside on the ground of inadequacy, as was done in Hettler v. Shephard, supra. However, a person situated such as defendant is, who is not named in the foreclosure proceedings, not being the original mortgagor or the owner of the property at the time of the proceedings, and therefore having no notice of the sale, has not had the opportunity to protect himself against the harsh consequence of being obliged to pay the full amount of his debt, though the mortgagee, the creditor, has already received a part of it by way of the property which he bought in for a nominal sum at the sheriff's sale. Whether a person situated as the defendant is in this case comes within the category of "third persons generally", as between whom and the mortgagee the rule of conclusiveness of the amount bid at a sheriff's sale is not necessarily applicable, as stated in Justice

Stern's footnote (quoted above) is a question which, it seems to us, must be determined by the appellate court, as it involves the interpretation of the language there used.

Plaintiffs now have the property which was given by the original mortgagor as security for the original debt. While defendant's obligation in his extension agreement was not a contract of suretyship or collateral in that sense, it cannot be said that it had no relationship whatever to the original debt. Certainly, the mortgagee could not collect the original debt and still hold defendant on his extension agreement. Defendant's obligation was a cumulative agreement to pay the same debt which the original mortgagor had agreed to pay, and for which he gave security. The security now being in the hands of plaintiffs, the mortgagees, there are strong equitable considerations which prompt the acceptance of defendant's contention that because he was not a party to the foreclosure proceedings, had no notice thereof, and therefore did not have the opportunity to appeal to the court for aid to secure an adequate price for the property, he ought now in this suit against him to be entitled to credit for the fair value of that property at the time plaintiffs bought it in at the sheriff's sale for the sheriff's costs. Otherwise, it does seem that, contrary to the old adage, one can have the "penny and the cake", in a case like this.

However, we are constrained to hold on the basis of the adjudicated cases, which have been cited, harsh as the consequences may be to defendant, and though it may result in the unjust enrichment of plaintiffs having the property and being given now the right to recover the full amount of the debt assumed by defendant, that defendant is liable on his extension agreement for the full amount thereof, without right to a credit for the fair value of the security which plaintiffs bought in at the foreclosure proceedings against the original mortgagor.

Rule for judgment for want of a sufficient affidavit of defense is made absolute.